WILLIAM DOUGLAS, Plaintiff, *v.* MORRIS PERLSTEIN and CAMP MA-HO-GE, INC., Defendants.*

Supreme Court, Kings County, February 2, 1939.

* See *Matter of Eisenstadt, Inc.*, v. *Heffernan* (256 App. Div. 488).

*Goldman, Malter & Goldman* [*Harry Malter* of counsel], for the plaintiff.

*Herman W. Feder,* for the defendants.

STEINBRINK, J. This is a motion to vacate a judgment entered against the defendant Camp Ma-Ho-Ge, Inc., in an action for false arrest and malicious prosecution upon the ground that prior to the commencement of the action the defendant corporation was dissolved, pursuant to section 203-a of the Tax Law.

In support of the motion it is contended that with dissolution of the corporation no action may be brought against it, except one for the foreclosure of a lien upon its real property, as provided for in subdivision 10 of the foregoing statute. It is contended further that subdivision 10 effected a repeal of so much of section 29 of the General Corporation Law as sanctions *any* type of action against a corporation dissolved for *any* cause.

Article 9, section 203-a, of the Tax Law provides for the dissolution by proclamation of the Secretary of State of corporations which have not filed reports as required by this article for a period of three years, or which have been delinquent in the payment of taxes duly assessed, pursuant to this article, for three years. Subdivision 10 thereof (as amd. by Laws of 1937, chap. 623) reads as follows: " Notwithstanding any provision of this section, a corporation so dissolved pursuant hereto may thereafter in actions to foreclose any lien on real property be sued in its corporate name, adding thereto the words ' a corporation dissolved pursuant to section two hundred and three-a of the Tax Law of the State of New York,' and personal service of the summons, complaint or other papers upon said dissolved corporation may be made by service of the same upon any person, who at the time of said dissolution was an officer, director or trustee of said corporation, and a judgment obtained against said dissolved corporation shall be binding upon all of its property and assets to the same extent as if such corporation were not dissolved. Actions begun against any such corporation previous to its dissolution may thereafter proceed without change in the name of said corporation and the judgments when obtained shall be binding upon all of the property and assets of such dissolved corporation to the same extent as if such corporation had not been dissolved. Judgments heretofore obtained against any such corporation sued in its corporate name, shall be conclusive upon the legal representatives, stockholders, property and assets of said dissolved corpora-

tion to the same extent as if said corporation had not been dissolved, anything to the contrary herein stated notwithstanding, unless an action to vacate the same shall have been commenced within six months after the passage of this act."

It will be noted that this subdivision makes no specific reference to the statute which it is claimed to have repealed, nor does it in so many words declare that only actions to foreclose any lien on the real property of corporations dissolved for delinquency in the payment of taxes can be maintained after dissolution. It simply directs how a corporation so dissolved shall be designated in foreclosure actions and how service of the summons and complaint shall be made. The reference to actions pending at the time of dissolution and to judgments obtained before enactment of the statute is construed to refer to actions to foreclose liens on real property.

Section 29 of the General Corporation Law (as amd. by Laws of 1937, chap. 597), so far as pertinent, provides that "Upon the dissolution of any corporation for any cause and whether voluntary or involuntary its corporate existence shall continue for the purpose of paying, satisfying and discharging any existing liabilities or obligations, collecting and distributing its assets and doing all other acts required to adjust and wind up its business and affairs, and it may sue and be sued in its corporate name." This section has a long legislative history. First adopted in 1811, it was carried into the Revised Laws of 1813 (1 R. L. p. 248, § 1) and into the Revised Statutes, passed in 1827 and 1828 (R. S. pt. 1, chap. 18, tit. 3, §§ 8, 9; 1 R. S. 600). The provisions therein embodied may well have been declaratory of the common law. (See *Shayne* v. *Evening Post Pub. Co.*, 168 N. Y. 70, 77.) There can no longer be any doubt concerning the meaning of the statute. Its comprehensive language embraces all dissolved corporations and permits the maintenance of any action to enforce liabilities or obligations of such corporations existing at the time of their dissolution. The statute by its very terms applies regardless of the manner in which the dissolution is achieved and regardless of the nature of the existing corporate liabilities or obligations.

In determining whether there has been a partial implied repeal of the foregoing statute by the enactment of subdivision 10 of section 203-a of the Tax Law, recourse must be had to the general rule of statutory interpretation that one statute is not deemed to repeal another without express words of repeal unless the two are so repugnant to each other that both cannot be given effect. (*People* v. *Dwyer*, 215 N. Y. 46, 51.) This rule has its genesis in the belief that so significant a legislative pronouncement as the repeal of a

statute would generally be expressed in plain words and not left to implication. A comparison of the two statutes fails to disclose any necessary conflict between them. One deals with the general subject of continuation of corporate existence in the event of dissolution for any cause, while the other is concerned only with certain procedural requirements affecting actions to foreclose liens on the real property of corporations dissolved for tax delinquency. Both statutes were amended at the same session of the Legislature, and in fact both amendments were effective on the same date, May 25, 1937. Under the circumstances they " should receive a construction, if possible, which will give effect to each. They are within the reason of the rule governing the construction of statutes in *pari materia*." (*Smith* v. *People*, 47 N. Y. 330, 339.)

Can it be said that it was the intention of the Legislature to repeal *sub solentio* part of a law which has been on the statute books for more than a century, bearing in mind that the very law was readopted by amendment at the same session of the Legislature which produced the amendment to section 203-a of the Tax Law? The question carries its own answer, for there seems no possible justification for the belief that any radical change in a provision so deeply intrenched in our jurisprudence was intended to be accomplished by implication. Moreover, it will not be presumed that the Legislature intended to reward corporations for their tax delinquencies to the prejudice and detriment of their legitimate creditors. If any such result were intended, it would have been plainly expressed.

The motion is denied.