MAMIE WILKINS and RUBEN WILKINS, Plaintiffs, *v.* SIRAEL REALTY CORPORATION, Defendant.

Supreme Court, Special Term, Kings County, July 1, 1940.

*Murray S. Lo Kietz*, for the plaintiffs.

*William J. Tropp*, for the defendant.

HOOLEY, J. The plaintiff Mamie Wilkins was injured on a staircase of a multiple dwelling owned by defendant corporation

on March 19, 1940, and has brought this action to recover for her injuries. Her husband sues for loss of services. The defendant corporation moves to dismiss the complaint under rule 107 of the Rules of Civil Practice on the ground that the court has no jurisdiction of the defendant or the subject of the action, and presents a certificate from the Secretary of State evidencing that said corporation was dissolved by proclamation on December 15, 1937, pursuant to section 203-a of the Tax Law.

Subdivision 3 of section 203-a aforesaid provides for the issuance of the proclamation " declaring such corporations dissolved and their charters forfeited pursuant to the provisions of this section." And subdivision 4 of the same section sets forth: " Upon the publication of such proclamation in the manner aforesaid, the corporate existence of each corporation named therein shall immediately cease and it shall be deemed dissolved without further legal proceedings."

The moving party contends that the only action that may be maintained against the corporation under subdivision 10 of section 203-a aforesaid, is an action to foreclose a tax lien on real property, citing *Matter of Eisenstadt, Inc.*, v. *Heffernan* (256 App. Div. 488) and other cases. However, it was held contra to this in a well-considered opinion in *Douglas* v. *Perlstein* (170 Misc. 561; revd. on other grounds, 256 App. Div. 1084). In the latter case it was held that section 29 of the General Corporation Law was applicable to corporations dissolved under the Tax Law aforesaid and that there was no conflict in the two sections. This latter section deals generally with the dissolution of a corporation and provides that it may sue and be sued in its own name.■

However, it is unnecessary here to pass on which section applies because in either event the decision arrived at by the court is the same.

Under ordinary circumstances it would seem that if section 203-a of the Tax Law is held to be applicable, then this type of action could not be brought against the dissolved corporation, and if section 29 of the General Corporation Law is held to be applicable, then the action could not be brought because the claim herein was not in existence at the time of the dissolution. (*Douglas* v. *Perlstein*, 170 Misc. 561, 563; *City of New York* v. *New York & South Brooklyn F. & S. T. Co.*, 104 id. 438.)

Despite all of the foregoing, this court is of the opinion that this action may be maintained herein and that the defendant is estopped from setting up the claim that it has been dissolved. From the complaint and affidavit it is apparent that this defendant has continued to do business and operated the premises in question

for a period of nearly three years notwithstanding its alleged dissolution. Now when an action is brought against it for a claimed tort, negligence in the operation of said premises, it comes into court and attempts to avoid liability. This corporation should not be permitted to continue to do business in plain violation of a statute and then when it is brought to task for mischief which it may have done, plead the dissolution. This would enable it to profit by its own wrongdoing. Such a result should not be countenanced. Of course it might be claimed that the directors are personally liable. This is true. Nevertheless they might be judgment proof and if the claim herein is a legitimate one there is no good reason in view of the circumstances why the corporate property should be exempt from judgment.

Motion to dismiss complaint denied.