N. Y. RAYON IMPORTING CO., Inc. (NO. 2), et al. v. UNITED STATES.

N. Y. RAYON IMPORTING CO., Inc. (NO. 1), et al. v. SAME.

NYRACO IMPORTING & CONVERTING CORPORATION et al. v. SAME.

Nos. 45861–45863.

Court of Claims.

Feb. 4, 1946.

Eugene Eisenmann, of New York City (Proskauer, Rose, Goetz & Mendelsohn and Albert L. Solodar, all of New York City, on the brief), for plaintiffs and impleaded plaintiff.

Donald B. MacGuineas, of Washington, D. C., and John F. Sonnett, Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

JONES, Judge.

These three suits are brought on two judgments rendered in 1937 by the United States Customs Court for the recovery of excessive duties paid by importers of rayon yarn. The duties were collected during the years 1925-1929. The calculations pursuant to judgments showed the excess collections totaled $393,292.46.

Three checks were drawn in payment of these judgments, but the General Accounting Office refused payment on the ground that the payee corporations had been dissolved. The proceeds of the checks were deposited in the Treasury in a trust fund entitled "Outstanding Liabilities 1938", pursuant to 31 U.S.C.A. § 725t, and were credited and still remain credited in that account to the following parties in the amounts hereinafter set forth:

N. Y. Rayon Importing Co. Inc.
(which is Rayon #1) ...... $359,548.96
Richard Shipping Corporation.. 2,933.75
Nyraco Importing & Converting Corporation (which is Nyraco) ................ 30,809.75

The defendant concedes the overpayment of duties, but raises the question as to which if any of the plaintiffs is entitled to the money and whether interest should be paid on the amount of the judgments. Several incidental issues are involved.

The issues are somewhat confused by the dissolution and reorganization of corporations, stock transfers and board meetings, as well as the numerous parties to the various transactions. However, in going through the record, certain essential facts emerge that are helpful in our efforts to arrive at a correct conclusion.

The N. Y. Rayon Importing Co., Inc., called "Rayon #1," and Nyraco Importing and Converting Corporation called "Nyraco," prior to March 1, 1930, protested customs duties on imported rayon yarns as excessive and illegal. All the protests were filed prior to March 4, 1930, by these two companies or by Richard Shipping Corporation, the customs house broker of Rayon # 1. This is the prescribed method of in-

stituting actions in the United States Customs Court.

On or about March 1, 1930, meetings of the Boards of Directors of Rayon #1, Nyraco and two other corporations called "Rayseta" and "Rayonese" unanimously adopted resolutions transferring all the assets and holdings of the four corporations to N. Y. Rayon Importing Co., Inc., called "Rayon #2," which was organized about that time for that purpose, which latter company agreed to assume the liabilities of the four corporations.

As a part of the reorganization Rayon #1 was dissolved as of March 1, 1930.

Rayon #2 was dissolved January 9, 1931.

Nyraco was dissolved December 16, 1935, because of delinquency in payment of taxes.

After the judgments by the United States Customs Court, dated April 30, 1937, and May 6, 1937, based on the protests of Rayon #1 and Nyraco, refunds were duly certified by the Collector of Customs to the proper disbursing officer for payment, $359,548.96 to Rayon #1, $2,933.75 to its customs house broker, Richard Shipping Corporation, and $30,809.75 to Nyraco.

After the General Accounting Office refused payment of the checks a petition was filed by Rayon #2 with that office requesting the transfer to it of the checks, which was refused.

In June 1940 an action was instituted in the Supreme Court of the State of New York for a declaratory judgment to adjudicate the ownership of the customs refund claims as between Rayon #1 and Nyraco on the one hand, and Rayon #2 on the other. On January 30, 1942, a consent judgment was entered in that court adjudicating that as between such companies Rayon #2 was the owner of the customs refunds or the proceeds thereof. The General Accounting Office still refused payment.

On February 26, 1943, attorneys for the three companies offered, in the alternative if the Comptroller General so desired, to have Rayon #2 release the funds to Rayon #1 and Nyraco, and for this purpose to have each of such corporations represented by the director or directors as trustees in liquidation. This effort proved fruitless.

The Comptroller General refused to allow payment of any claim based upon the judgment for customs, refunds, or the proceeds of the checks issued therefor, unless and until a court determined which of the various claimants had a right to the several amounts and suggested that suit be brought in the Court of Claims of the United States.

Accordingly these suits were filed.

The defendant impleaded other companies and individuals to defend any possible interest which they or any of them might have so that the question of ownership could be determined and all such parties bound. These will be discussed later in the opinion.

The details are set out in the findings and will not be repeated here.

■ In the circumstances we think there is no doubt of the right of the successor to Rayon #1 and its liquidating directors to recover $362,482.71. The defendant makes little contest of this item.

On the item of $30,809.75, the defendant contends that the judgment of the Customs Court was void because Nyraco, as a dissolved corporation, had no right to maintain the suit in the Customs Court.

The fact of the dissolution of Nyraco was never brought to the attention of the Customs Court during the pendency of the proceedings before it.

In 1932 section 29 of the General Corporation Law of New York was amended, Consol.Laws N.Y. c. 23, to include the following language:

"Upon the dissolution of a corporation for any cause and whether voluntary or involuntary its corporate existence shall continue for the purpose of * * * collecting and [disbursing] its assets * * * and it may sue and be sued in its corporate name."

At the time of the institution of the proceedings in the Customs Court another provision of the New York statute, Section 203-a of the New York Tax Law, Consol. Laws N.Y. c. 60, was in effect. It provided for automatic dissolution of corporations listed by the Secretary of State as delinquent in the payment of taxes.

On April 9, 1931, Laws 1931, c. 337 subdivision 10 was added to Section 203-a, reading as follows:

"Notwithstanding any provision of this section, a corporation so dissolved pursuant hereto may thereafter in actions to foreclose tax liens be sued in its corporate name, adding thereto the words 'a corporation dissolved pursuant to section two

hundred and three-a of the tax law of the state of New York' and personal service of the summons, complaint or other papers upon said dissolved corporation may be made by service of the same upon any person, who at the time of said dissolution was an officer, director or trustee of said corporation, and a judgment obtained against said dissolved corporation shall be binding upon all of its property and assets to the same extent as if such corporation were not dissolved. Actions begun against any such corporation previous to its dissolution may thereafter proceed without change in the name of said corporation and the judgments when obtained shall be binding upon all of the property and assets of such dissolved corporation to the same extent as if such corporation had not been dissolved. Judgments heretofore obtained against any such corporation sued in its corporate name, shall be conclusive upon the legal representatives, stockholders, property and assets of said dissolved corporation to the same extent as if said corporation had not been dissolved anything to the contrary herein stated notwithstanding, unless an action to vacate the same shall have been commenced within six months after the passage of this act."

Defendant contends that this provision is inconsistent with the provision of Section 29 of the General Corporation Law, and that since Section 6 stipulates that in the event of inconsistency the provisions of the General Corporation Law shall not apply, Nyraco had no right to maintain its suit in the Customs Court after its dissolution in 1935 for nonpayment of taxes.

The Supreme Court of New York in the case of Vestal Products Co., Inc., v. Manufacturers Trust Co., — Misc. —, 60 N.Y.S.2d 183, held that Section 29 of the General Corporation Law applied to corporations dissolved under the tax law. The issues in the case arose prior to the enactment of subdivision 10, but the court in commenting used the following language:

"No provision to the contrary was to be found in Section 203–a of the Tax Law or elsewhere. Even if it be assumed that subdivision 10, after its enactment in 1931, applied to corporations which had previously been dissolved, there is nothing in that subdivision to negative the right of the directors to maintain a suit in the corporate name. Subdivision 10 deals only with suits against the corporation. It is silent with respect to suits by the corporation. The

right to sue should not be forfeited by implication."

To the same effect was the decision in Douglas v. Perlstein, 170 Misc. 561, 10 N.Y.S.2d 479.

In 1937 the Customs Court held contrary to the defendant's position on the exact question in Klytia Corp. v. United States, 72 T.D. 1124.

In 1939, however, the Appellate Division in Application of S. M. & J. Eisenstadt, Inc., 256 App.Div. 488, 10 N.Y.S.2d 868, held that corporations dissolved for nonpayment of taxes are legally dead and had no legal authority to sue.

The legislature in 1940 amended the law by specifically providing that Section 29 of the General Corporation Law should apply to corporations dissolved under the tax law, N.Y.Laws, 1940, c. 82. This amendment had been recommended by the Chief of the Division of Corporations on the ground that it was needed to clear up the uncertainty in the law.

There was still some disagreement as to whether the 1940 amendment applied to corporations previously dissolved. Then in 1941, Laws 1941, c. 590, the Legislature amended subdivision 10 of the Section 203-a of the tax law, to include the following:

"The provisions of section twenty-nine of the general corporation law shall apply to any corporation heretofore or hereafter dissolved under this section."

This provision removed any doubt as to the right of any of the rayon corporations, or their liquidating directors, to maintain suits.

■ In the maze of reorganizations and transfers of assets and confusion we do not think it would be right or just to allow interest for the period prior to the enactment of the 1941 amendment. This amendment had the effect of removing any defects and uncertainty. It made clear the right of corporations dissolved under the tax law to maintain suits or be sued. By its terms it was made applicable to corporations theretofore dissolved. After April 19, 1941, the effective date of the amendment, there is no reason why Rayon #2, the owner of the two judgments, should not receive interest calculated from such date.

We can fully appreciate the desire of the General Accounting Office to protect the interests of the Government. This is as it

should be. But the nation as well as the individual should be and usually is anxious to settle its just obligations. It has been known since 1937 that this money does not belong to the Government. In the confusion care was naturally exercised. But all the interested claimants seemed anxious to get the matter settled. Various offers were made which were rejected without any counter suggestion. These included offer of transfer or assignment and request for suggestions by liquidating directors and trustees. It was not until 1942 that suit in this court was suggested by the defendant.

It rather seems if officials of the General Accounting Office had been desirous of getting the matter disposed of they could have permitted transfers and assignments by all interested parties, or if this was not sufficient it could have suggested, at an earlier date, that an additional suit would be necessary. At any rate, four years seems a reasonably sufficient time to determine ownership of all parties. This is an added reason, at least persuasive, why the judgments of the Customs Court should bear interest after April 19, 1941, when all question of the capacity of plaintiffs to maintain suit was removed by the amendment to the New York law.

■ Societe Pour Nouveaux Placements de Capitaux, impleaded plaintiff in each of the consolidated suits, having filed disclaimer of interest, is not entitled to recover in either of them.

■ The following persons, Cpl. Jean Pierre (John) Spinnler, Martin Lowenberg, Samuel W. Lowenberg, individually and as attorney in fact for Justine M. Spinnler and Cpl. Jean Pierre (John) Spinnler and Richard Shipping Corporation, having been duly cited, by order of the court on motion of the defendant, to appear before the court within the time specified in the orders to assert and defend any possible interest any of them might have in these suits by filing intervening petitions, and each of them having failed to assert any claim or file any intervening petition, neither of them is entitled to recover and each of them is forever barred from asserting any claim in such suits, the subject matter or the proceeds thereof.

N. Y. Rayon Importing Co., Inc. (Rayon #2) and Alfred L. Rose, Norman S. Goetz, Walter Mendelsohn, and Bernard D. Lang, as its Liquidating Directors and Trustees, by authorized transfer, assignment and succession, are the present owners of the two judgments, proceeds, subject matter and checks, entered and issued as heretofore described, and as such are entitled to recover from the defendant the sum of $393,292.46, together with interest from April 19, 1941, at the rate of six percent per annum, being the proceeds in the three consolidated suits.

By reason of the transfer, assignment and succession above referred to, the plaintiffs in suit No. 45862, N. Y. Rayon Importing Co. Inc. (#1) and Alfred L. Rose, Norman S. Goetz, and Charles A. Springstead, as Liquidating Directors and Trustees of N. Y. Rayon Importing Co. Inc. (#1), and in suit No. 45863 Nyraco Importing & Converting Corporation, are not entitled to recover, their rights having been succeeded to by the plaintiffs named in the preceding paragraph.

It is so ordered.

WHALEY, Chief Justice, and WHITAKER and LITTLETON, Judges, concur.

MADDEN, Judge, took no part in the decision of this case.