OPINION OF THE COURT
William D. Friedmann, J.
Defendant’s motion to enjoin the enforcement of a judgment (CPLR 5232) places in issue whether a New York State corporation can avoid its obligations to creditors, and/or the payment of its corporate franchise taxes, by simply refiling a certificate of incorporation after its dissolution by proclamation.
Defendant contends it can in that as a result of its involuntary dissolution and reincorporation, it has become an entity different than the one against which plaintiff’s judgment was taken.
Plaintiff maintains that defendant has remained a continuous corporation and should not be able to avoid its obligations because of its involuntary dissolution, whether such was caused by its intentional or negligent failure to pay its own corporate franchise taxes.
*454 BACKGROUND
A hearing inquired into the facts and circumstances surrounding this novel but crucial question regarding corporate law and liability. It revealed that plaintiff commenced an action against preproclamation “Copymasters, Inc.” (Jan., 1981) and obtained a judgment ($1,855.59). Preproclamation “Copymasters, Inc.” was a corporation organized under the laws of New York State, in or about 1978. It was dissolved on or about March 31, 1982 by proclamation of the New York State Secretary of State for failure to pay franchise taxes (Tax Law, § 203-a, subd 3; § 217). Preproclamation “Copymasters, Inc.” was unaware of the dissolution action. It continued to operate, in all respects, as before dissolution.
On or about June 28,1983 a new certificate of incorporation was filed with the Secretary of State under the same corporate name.
CONCLUSIONS OF FACT
The testimony adduced at the hearing established that: (1) the failure to pay corporate franchise taxes was not intentionally done to cause an involuntary dissolution and make possible the avoidance of obligations to creditors, etc., but was caused by inadequate internal bookkeeping and external accounting service. (2) During the period between dissolution and reincorporation all substantive business activities continued without change. (3) Following reincorporation all substantive business activities continued without change. (4) The preproclamation and the postproclamation “Copymasters, Inc.”, as well as the facts in between operation, had substantially identical qualities, such as their name, location, officers, shareholders, managers, employees, assets, liabilities, debtors, creditors, purposes, leasehold interests, customers and business.
APPLICABLE LAW
Periodically the New York State Department of Taxation and Finance forwards a certified list of New York State corporations who have failed to pay their corporate franchise taxes to the Secretary of State of the State of New York. (Tax Law, § 203-a, subd 1.)
*455 Acting upon this certification the New York State Department of State, a division of the executive department, dissolves these tax delinquent corporations by the issuance of an executive proclamation. (Tax Law, § 203-a, subd 3; §217.)
What happens following the dissolution by proclamation? Either the corporation elects to take, if it’s continuing in business, corrective action or it elects to reincorporate with little or no difficulty and as is seen by this application enjoys the real possibility of avoiding its obligations to its creditors and the avoidance of the payment of its delinquent franchise taxes which caused its dissolution.
Subdivision 7 of section 203-a of the Tax Law provides that a corporation may annul a dissolution by proclamation if it files a certificate of annulment with the New York State Department of Taxation and Finance, and pays all accrued franchise taxes as well as a statutory fee. This is the only procedure outlined by statute or regulation enabling the annulment of a corporation’s dissolution restoring all corporate rights to the dissolved corporation. However, noncompliance with the statute seemingly permits a corporation to avoid paying its franchise taxes and debts to its creditors. That is the position taken by the postproclamation “Copymasters, Inc.” that it is a new corporation which allows it to avoid its obligation to a preproclamation creditor, such as plaintiff.
Subdivision 7 of section 203-a provides no other procedure which would guard against an apparent abuse by merely refiling.
CORPORATE LIABILITY REMAINS
Such an abusive result should not be sanctioned by our courts (even though legislative and administrative corrective action is obviously called for). This court therefore concludes that “Copymasters, Inc.”, even though dissolved by proclamation, failed to cease its business activities prior to reincorporating Copymasters, Inc. After dissolution the winding-up period occurred during which a corporation may do all acts required to liquidate its business and affairs, including collecting its assets, pay, satisfy and discharge its liabilities and obligations (Henn and Alexander, Effect of Corporate Dissolution on Products Liability *456 Claims, 56 Cornell L Rev 865). Defendant here continued to hold itself out to the public as a continuous and ongoing enterprise. It never indicated to the public that it was out of business or even that it was undergoing reorganization. At the hearing the defendant’s president testified that it or they were unaware of the dissolution. Copymasters, Inc. operated accordingly without any interruption.
All debts incurred by the preproclamation corporation were paid by the postproclamation corporation except the one owed plaintiff. The postproclamation corporation made the rental payments for commercial space pursuant to a lease entered into by the preproclamation corporation, etc.
As mentioned, herein, subdivision 7 of section 203-a of the Tax Law provides the only statutory provision concerning the after-effects of a dissolution by proclamation under present law and practice. The Department of State will file a certificate of incorporation by anyone if proper on its face, without delving into the past history of the corporation. In the instant case, the Secretary of State by accepting a new certificate of incorporation without any inquiry as the rights of old creditors including the State itself has caused a potential wrong to plaintiff. This court in good conscience cannot allow this practice to work in favor of Copymasters, Inc. in that the corporation would be permitted to avoid its obligations.
Subdivision 6 of section 203-a of the Tax Law provides that: “The names of all corporations so dissolved shall be reserved for a period of three months immediately following the publication of the proclamation”. Thus, any New York State corporation formed three months after the publication of the proclamation can use the name of a dissolved corporation without further inquiry and continue corporate operations.
The task of collecting unpaid franchise taxes is the responsibility of the Department of Taxation and Finance. In New York State some 5,000 corporations are dissolved for nonpayment of taxes each year. (Over 250,000 during the depression years.) (See Henn, Corporations.) The circumstances of the instant case and the need to close tax escape loopholes clearly dictate the need for improved communications, and a better working relationship be *457 tween the Department of State and the Department of Taxation and Finance with respect to dissolved and reincorporated corporations.
It must therefore be concluded that “Copymasters, Inc.” after its dissolution was a de facto corporation in that it was an association of persons holding itself out to the outside world as a legally incorporated company, and exercising the powers and functions of a corporation, but without actual lawful authority to do so. (Black’s Law Dictionary [4th ed], p 411.)
In addition, since defendant continued its operations, operated its premises, and held itself out as a corporation, notwithstanding its alleged dissolution, it is estopped from pleading dissolution, and avoiding its obligations. Any other conclusion would enable it to profit by its own nonpayment of taxes. (Wilkins v Sirael Realty Corp., 174 Misc 1002.)
This court in making this determination is confronting a principle much more important: corporation by estoppel or de facto theories justifying liability. A court cannot allow a litigant to take advantage of its own wrong — the nonpayment of it of its own corporate franchise taxes.
Clearly, Copymasters, Inc. was one continuous corporation and cannot circumvent the statutory procedure inarticulately called “Dissolution of delinquent business corporations” by subdivision 7 of section 203-a of the Tax Law with the claim it is a “new” corporation with no responsibility for preproclamation indebtedness.
CONCLUSION
Accordingly, defendant’s motion to enjoin the enforcement of plaintiff’s judgment is denied.