OPINION OF THE COURT
John G. Connor, J.
In this proceeding pursuant to CPLR article 78, petitioners seek to preclude respondent New York State Department of Taxation and Finance from pursuing the collection of corporate franchise taxes, sales taxes and withholding taxes from the present corporate entity Capri "400”, Inc. Respondent seeks to collect the combined sum of $26,986.93 plus interest it has assessed to Capri.
On April 17, 1969, a certificate of incorporation was granted to Catherine Costello, petitioner Vincent Costello’s mother. The stated purpose of the corporation was "to engage in all types of service and resort activities, including restaurant, *286 catering, motel and similar operations, and for all purposes incidental thereto.” The corporate name was Capri 400, Inc.
A copy of a corporate franchise tax return for the period beginning April 1, 1974 and ending March 31, 1975 indicates the principal business activity, a restaurant, began on October 1, 1969. The Federal corporate income tax return for the same period lists Catherine Costello as the sole shareholder and president of the corporation. Both tax returns, however, were signed by petitioner Vincent Costello in the capacity of corporate vice-president.
Capri 400, Inc. was subsequently dissolved by proclamation of the Secretary of State for failure to pay franchise taxes in later years (Tax Law §§ 203-a, 217 [1], [2]). Thereafter, Catherine Costello continued to operate the restaurant until 1978, when she conveyed all real and personal property to petitioner Vincent Costello.
Petitioner Vincent Costello apparently continued to operate the restaurant and undertook corporate formation on April 21, 1983. This entity is petitioner Capri "400”, Inc. Obviously, the only differentiality feature between this and the mother’s corporate name is the addition of quotation marks around the 400.
The Department assessed taxes against petitioners in the following amounts: $19,495.21 corporate franchise taxes for 1974 through 1978 inclusive, $5,148.49 sales tax for September 1976 through November 1976, and $2,343.33 employee income withholding tax for May 1976 to December 1976 and to May 1977. A final notice to petitioner indicated the $26,986.93 total had to be paid by May 17, 1985 to avoid the seizure of assets.
As to the withholding and sales taxes, there is no question that as successor to the restaurant business, regardless of the business form, petitioner Costello and his corporation are statutorily liable for the taxes (see, Tax Law §§ 693, 1141, respectively). The franchise tax issue, however, raises a more difficult problem.
A franchise tax is a tax imposed for the privilege of doing business in this State (Tax Law § 209). As such, the tax is directly related to the corporate existence. Failure to pay the franchise tax results in a dissolution of the corporation by proclamation of the Secretary of State (Tax Law § 203-a; 20 NYCRR 9-2.1 [b]). Catherine Costello’s corporation, Capri 400, Inc., was dissolved by such a proclamation, on March 31, 1982.
Pursuant to Tax Law § 203-a (6) the name Capri 400, Inc. *287 was reserved for a period of three months and unavailable for use as a corporate name by any other entity. After three months, however, there is no prohibition on the reuse of the name. This seemingly enables the holder of business assets at the conclusion of the corporate dissolution to avoid payment of the overdue franchise taxes by simply refiling in the same name after three months. This court can find only one other case in which this apparent anomaly in the enforcement of the Tax Law has been addressed (see, D & W Cent. Sta. Alarm Co. v Copymasters, Inc., 122 Misc 2d 453). In that case, the court held that although dissolved by proclamation for the nonpayment of franchise taxes, Copymasters, Inc., which never ceased operations, could not escape civil liability for a judgment rendered against it. While not addressing tax liability per se, the court concluded in dictum that such a de facto corporation should not escape franchise tax liability (supra, at pp 456-457).
In the present case, the entity of Capri 400 restaurant has been in continuous operation through corporate dissolution by proclamation under Catherine Costello, subsequent sale of assets to petitioner Vincent Costello, and the reinstitution of corporate form under the latter person. While Catherine Costello contends that the original corporate form was meaningless since she never funded the corporation with any assets, the tax returns indicate that the corporation was considered a viable entity. The business conduct of that entity never ceased and was always held out to the public as an ongoing restaurant (see, D & W Cent. Sta. Alarm Co. v Copy-masters, Inc., supra, at p 456). Also, petitioner Vincent Costello, while not an owner in the original Capri 400, Inc., was involved in its affairs as evidenced by his signature on corporate tax returns as corporate vice-president. In equity, therefore, this court finds that Capri 400, Inc. continued as a de facto corporation and cannot avoid the franchise taxes due on that entity. The minor fact that the new name, Capri "400”, Inc., contains quotation marks is of no consequence given the factual background of this matter.
Since the restaurant has continued operations through the entire period in question, Tax Law § 209 (3) imposes liability upon the corporation for payment of the franchise taxes. The provisions of Tax Law § 1092 (j) (1); § 1093 (a) and 20 NYCRR 7-4.2, 7-4.4 enforce liability for taxes upon property in the hands of transferees. Tax Law § 219-a (1) makes these provisions applicable to the collection of franchise taxes. The *288 definition of transferee under Tax Law § 1093 (a) is broad and should include the shareholder distributee of property from a dissolved corporation (see, Business Corporation Law § 1009 making Business Corporation Law § 1005 applicable to, inter alia, dissolution under Tax Law § 203-a).
The court notes that the term distributee as used in Tax Law § 1093 (a) contemplates a definition in the context of the laws of descent and distribution (see, EPTL 1-2.5). Tax Law § 1093 (a) also provides that "[t]he term transferee includes, in case of successive transfers * * * successor by merger, consolidation or other reorganization.” It is under this latter provision that this court finds the business property, both real and personal, transferred from Catherine Costello and now held by petitioner Vincent Costello and Capri "400”, Inc. to be subject to the franchise tax liability to the extent provided under Tax Law article 27.
The construction of the Tax Law as established by this court closes what otherwise appears to be a "tax loophole” created by Tax Law § 203-a (6) enabling the avoidance of franchise taxes. It should be noted, however, that for the enforcement of the Tax Law and collection thereunder from corporations dissolved by- proclamation the Department must be made aware of such dissolutions by the Secretary of State (see, D & W Cent. Sta. Alarm Co. v Copymasters, Inc., 122 Misc 2d 453, 456-457, supra). Such communication between the two governmental entities is not statutorily required (see, Tax Law § 203-a [3]), and it appears that no expedient informal procedure exists to accomplish such notice as evidenced by the fact that it has taken the Department several years to proceed on the delinquent franchise taxes of Capri 400, Inc., originally incorporated by Catherine Costello. The need for a notice system change, either statutory or by cooperation within the government is obvious.
In finding for the Department, this court notes that there has been no issue as to the amounts of the tax assessments. Therefore, petitioner Vincent Costello and Capri "400”, Inc. are liable for the full tax assessment of $26,986.93 in accordance with this decision.