■ LUIS CAMACHO, Plaintiff, v NEW YORK CITY TRANSIT AUTHORITY, Defendant and Third-Party Plaintiff and Fourth-Party Plaintiff-Respondent, et al., Third-Party Defendant, et al., Fourth-Party Defendants. DETECTO SCALES, INC., Appellant.—In an action to recover damages for personal injuries, Detecto Scales, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Held, J.), entered December 28, 1984, as denied its motion to dismiss plaintiff's amended complaint insofar as it is asserted against it.

Order reversed, insofar as appealed from, with costs, motion granted, and complaint dismissed, insofar as it asserted against appellant.

After allegedly sustaining serious injuries as a result of being struck by a train operated by defendant New York City Transit Authority (Authority), plaintiff commenced this action against the Authority in September 1981. In July 1983, the Authority commenced a third-party action against the City of New York and in April 1984 the Authority prepared what it denominated a "fourth-party" summons and complaint naming the New York City Industrial Development Corp., Rentar Development Corp. and appellant, Detecto Scales, Inc., as "fourth-party defendants". While the New York City Industrial Development Corp. and Rentar Development Corp. were

served with this summons and complaint and have answered it, the record is barren of any proof that a "fourth-party" action against appellant was ever commenced. Indeed, appellant's attorney has stated in an affidavit that the Authority's counsel has informed him that no "fourth-party" action against appellant was commenced. Plaintiff has presented no proof to the contrary.

In any event, on or about June 21, 1984 plaintiff amended his complaint without leave of court to name several additional defendants, including appellant. On June 29, 1984, appellant was served with the amended complaint by service upon the Secretary of State. Subsequently, appellant moved to dismiss, claiming that the amended complaint was a nullity because plaintiff failed to obtain the court's permission for the amendment. The motion was denied and this appeal followed. The order should be reversed, insofar as appealed from.

CPLR 1003 requires a plaintiff to obtain permission before amending the complaint to include a new party defendant. The failure to obtain such permission before serving such an amended complaint, unless waived, normally requires dismissal of the complaint against the improperly joined party *(McDaniel v Clarkstown Cent. Dist. No. 1,* 83 AD2d 624, 625; *Catanese v Lipschitz,* 44 AD2d 579).

CPLR 1009, however, provides an exception to the rule requiring permission of the court to add a new party defendant. That statute, as it existed at the time plaintiff served the amended complaint, provided that within 20 days after the plaintiff was served with a copy of a complaint commencing a third- or fourth-party action, the plaintiff could amend the original complaint without leave of court to include a third- or fourth-party defendant as a defendant in the main action (CPLR 1009, L 1962, ch 308, *as amended* L 1962, ch 315; *Johnson v Equitable Life Assur. Socy.,* 22 AD2d 138, *affd* 18 NY2d 933). The section has since been amended to provide that the 20-day period shall commence with the service upon plaintiff of the third- or fourth-party defendant's answer to the third- or fourth-party complaint.

Under either version of the section, a plaintiff may take advantage of this exception to the general requirement for permission to amend if in fact there exists a third- or fourth-party action against the party he seeks to join. If no such action has been commenced against that party, a plaintiff must obtain permission of the court before adding a new party defendant to the case, as is required by CPLR 1003. The only

justification for deviating from the normal rule is the existence of a third- or fourth-party action, and absent such an action the case is no different from any other in which a plaintiff seeks to join additional parties.

Here, although a "fourth-party" complaint naming appellant as a defendant was drafted, there is no proof that it was ever served. Indeed, appellant contends, without contradiction, that the Authority has not even attempted to commence the "fourth-party" action against it. Under these circumstances, appellant's motion to dismiss the amended complaint, insofar as it is asserted against it, should have been granted.

Appellant's remaining contentions are without merit. The filing of a certificate of dissolution does not entirely terminate corporate existence (see, Business Corporation Law § 1006). A corporation may be held liable on a cause of action which accrues after dissolution (see, D & W Cent. Sta. Alarm Co. v Copymasters, Inc., 122 Misc 2d 453; Wilkins v Sirael Realty Corp., 174 Misc 1002) and jurisdiction over the corporation may be obtained through service upon the Secretary of State (Business Corporation Law § 304; Laurendi v Cascade Dev. Co. 5 Misc 2d 688, affd 4 AD2d 852; Public Fuel Serv. v Hillgun Holding Corp., 133 NYS2d 850). Lazer, J. P., O'Connor, Weinstein and Niehoff, JJ., concur.