[745 NYS2d 178]

MICHAEL PETERKIN, Respondent, v CITY OF NEW YORK et al.,
Defendants and AFC ENTERPRISES, INC., Defendant and
First and Second Third-Party Plaintiff, et al., Third-Party
Defendant. JMA CONCRETE Co., INC., Second Third-Party
Defendant-Appellant. (And a Fourth-Party Action.)

Second Department, June 24, 2002

**APPEARANCES OF COUNSEL**

*Bartlett, McDonough, Bastone & Monaghan, LLP,* White Plains (*Edward J. Guardaro, Jr.,* and *Gina Bernardi* of counsel), for second third-party defendant-appellant.

*Corini & Weiss,* New Rochelle (*Richard Weiss* of counsel), for respondent.

**OPINION OF THE COURT**

COZIER, J.

The issue raised on this appeal is whether the plaintiff's supplemental summons and complaint comply with CPLR 1003 and 3025 (b). For the reasons stated herein, we find that the supplemental summons and complaint do not comply with CPLR 1003 and 3025 (b) to the extent that they were served without leave of court and in the absence of a stipulation containing the signature of JMA Concrete Co., Inc., consenting to its joinder in the main action.

On March 14, 1997, the plaintiff was injured while transporting construction materials to a lot owned by the defendants Maurice Ramos and Rosanna Prisco. At the time of his accident, the plaintiff was employed by the third-party defendant, CAC Industries, Inc. (hereinafter CAC). CAC was a subcontractor for the defendant first and second third-party plaintiff, AFC Enterprises, Inc. (hereinafter AFC), with respect to a repavement and reconstruction project that the defendant City of New York (hereinafter the City) had contracted to AFC.

In March 1998, the plaintiff commenced this action against the City, Ramos, Prisco, AFC, and Underground Equipment Corp., formerly known as Nanco Equipment Corp. (hereinafter Underground), to recover damages for his personal injuries. All

of the defendants, with the exception of Underground, served answers to the complaint.

AFC then commenced a third-party action against CAC in November 1998 and a second third-party action against JMA Concrete Co., Inc. (hereinafter JMA) in September 1999. JMA was the entity that leased the lot where the plaintiff's accident occurred. CAC served an answer to the third-party complaint in June 1999, and JMA served its answer to the second third-party complaint, along with various discovery demands, on January 28, 2000. The defendant Ramos also commenced a fourth-party action against CAC in September 1999, and CAC served its answer in that action on or about January 5, 2000.

The plaintiff's attorney circulated a stipulation in December 1999 among counsel for all of the parties who had either answered or appeared, extending the plaintiff's time to add JMA as a defendant in the main action until June 2000. At the time that the stipulation was circulated, JMA had not served an answer to the second third-party complaint. Although the stipulation was fully signed by all of the parties who had answered or appeared as of January 12, 2000, the plaintiff did not file such stipulation with the court until March 13, 2000. The plaintiff also served a supplemental summons and complaint upon JMA on March 13, 2000, adding it as a party defendant in the main action. By letter dated March 16, 2000, JMA rejected service of the supplemental summons and complaint.

On March 21, 2000, JMA timely moved to dismiss the supplemental summons and complaint seeking to join it as a party defendant, on the ground that the plaintiff failed to obtain personal jurisdiction over it, pursuant to CPLR 1003 and 3025 (b). JMA argued, inter alia, that the plaintiff was required to obtain its signature on the stipulation before the plaintiff could join JMA as a party defendant since JMA appeared in the second third-party action through service of its second third-party answer on January 28, 2000, and the plaintiff failed to obtain proper leave of court. JMA also argued, for the first time in its reply brief, that the terms of the stipulation extending the plaintiff's time to add it as a party defendant until June 17, 2000, violated CPLR 214, as the statute of limitations expired on or about March 13, 2000.

The plaintiff cross moved, inter alia, for an order "sanctioning" his method of service of the supplemental summons and complaint upon JMA. The plaintiff maintained that it was unnecessary to obtain JMA's signature on the stipulation since

JMA had yet to interpose an answer to the second third-party complaint. In addition, the plaintiff maintained that service of JMA's answer to the second third-party complaint failed to comply with CPLR 2103 (e), as JMA failed to serve its answer upon all of the parties appearing in the action.

Further, the plaintiff maintained that JMA had waived its right to object to being added as a defendant in the main action since JMA extensively participated in discovery. The plaintiff noted that counsel for JMA participated in discovery as a second third-party defendant and as counsel to a firm which represented the defendants Ramos and Prisco by appearing at a nonparty deposition on behalf of those parties.

The Supreme Court denied the motion by JMA to dismiss the supplemental summons and complaint, and granted that branch of the plaintiff's cross motion which was to compel JMA to accept the method of service effectuated upon JMA. Particularly, the Supreme Court determined, inter alia, that since JMA had not yet appeared at the time when the stipulation was executed, it was not required as a signatory thereto. As such, the Supreme Court concluded that the stipulation was sufficient to add JMA as a defendant in the main action.

Further, the Supreme Court noted that although the plaintiff failed to add JMA to the main action in accordance with CPLR 1009, it nevertheless would have extended the plaintiff's time to do so if the stipulation was insufficient to accomplish such objective since the plaintiff's delay was brief and no prejudice had been shown.

With respect to joinder, CPLR 1003 provides in pertinent part that "[p]arties may be added at any stage of the action *by leave of court or by stipulation of all parties who have appeared*" (emphasis added).

The provisions in CPLR 1009 and 3025 (b) govern amended or supplemental pleadings. CPLR 1009 states that "[w]ithin twenty days after service of the answer to the third-party complaint upon plaintiff's attorney, the plaintiff may amend his complaint without leave of court to assert against the third-party defendant any claim plaintiff has against the third-party defendant." Pursuant to CPLR 3025 (b), "[a] party may amend his pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time *by leave of court or by stipulation of all parties*" (emphasis added).

In *Camacho v New York City Tr. Auth.* (115 AD2d 691), this Court held that supplemental pleadings served without leave

of court or in the absence of a stipulation must be dismissed. The plaintiff in *Camacho (supra)* amended the complaint, without leave of court, to join the appellant and other entities as party defendants. The motion court in *Camacho (supra)* denied the appellant's motion seeking to dismiss the complaint on the ground that the plaintiff failed to obtain court approval. This Court reversed the order and granted the motion dismissing the complaint since the plaintiff failed to obtain leave of court prior to joining the parties therein.

Similarly, in *Yonker v Amol Motorcycles* (161 AD2d 638), this Court affirmed the dismissal of an amended summons and complaint that was served without leave of court. Particularly, we noted in *Yonker (supra)* that dismissal was appropriate as the defendant therein asserted lack of jurisdiction and did not engage in any conduct to constitute a waiver of its right to object to improper joinder.

In the instant case, JMA was a named party as of September 17, 1999, by virtue of the filing of the second third-party summons and complaint on said date (*see* CPLR 304), although it had not yet appeared or served its answer in the second third-party action when the stipulation was circulated among the parties in December 1999 or when the stipulation was fully signed on January 12, 2000. As such, the plaintiff was not required to obtain JMA's signature on the stipulation in December 1999 or on January 12, 2000.

The plaintiff had 20 days after service of JMA's answer to the second third-party complaint on January 28, 2000, to amend his complaint without leave of court to assert any claims against JMA (*see* CPLR 1009). However, the plaintiff failed to assert any direct claims against JMA in the main action within 20 days after service of the second third-party answer in accordance with CPLR 1009.

Although the stipulation was fully signed on January 12, 2000, by all of the parties, except JMA, the plaintiff waited two months before filing the stipulation with the court on March 13, 2000. However, as of March 13, 2000, JMA had appeared in the second third-party action through service of its second third-party answer on January 28, 2000. Therefore, the plaintiff was either required to make a formal motion to join JMA as a party in the main action or to secure JMA's signature on the stipulation since JMA had appeared in the action prior to the plaintiff's filing of the stipulation on March 13, 2000 (*see Yonker v Amol Motorcycles, supra; Camacho v New York City Tr. Auth., supra*). Accordingly, the Supreme Court erred in

denying JMA's motion to dismiss the supplemental summons and complaint and in granting the plaintiff's cross motion to the extent of approving the method of service effectuated upon JMA.

Inasmuch as the plaintiff asserts that JMA waived its right to object to being joined as a party defendant in the main action by participating in discovery as a second third-party defendant, the plaintiff failed to cite any legal authority to support such assertion. Contrary to the plaintiff's contention, JMA did not waive its right to object to improper joinder in the main action by its participation in discovery proceedings in its capacity as a second third-party defendant (*see generally Yonker v Amol Motorcycles, supra*). JMA was entitled to participate in discovery as a second third-party defendant. In addition, any defense strategy that JMA's counsel may have formulated during depositions and other discovery proceedings may not necessarily be applicable to JMA as a defendant in the main action. JMA, as lessee of the subject lot, was entitled to formulate a strategy that was separate from that of the defendants Ramos and Prisco, the landowners herein.

Similarly without merit is the plaintiff's contention that JMA failed to properly appear in the second third-party action since it failed to comply with CPLR 2103 (e) by failing to serve its second third-party answer upon all of the parties appearing in the action. CPLR 2103 (e) is only applicable to the service of interlocutory papers after jurisdiction has been acquired, and does not address the service of process or any other papers that are conditions precedent to the commencement of an action (*see Cooky's Is. Steak Pub v Yorkville Elec. Co.,* 130 Misc 2d 869, 871).

We need not address the parties' arguments as to whether the terms of the stipulation violated CPLR 214, as such argument was first raised before the Supreme Court in JMA's reply papers (*see Pinkston v Weiss,* 238 AD2d 393 [Supreme Court properly declined to address arguments that were raised for first time in party's reply papers]; *Galatti v Alliance Funding Co.,* 228 AD2d 550 [same result]).

Accordingly, the order is reversed insofar as appealed from, the motion to dismiss the supplemental summons and complaint insofar as asserted against JMA is granted, that branch of the cross motion which was to compel the acceptance of the plaintiff's method of service of the supplemental summons and complaint upon JMA is denied, and the supplemental summons and complaint is dismissed insofar as asserted against JMA.

SANTUCCI, J.P., S. MILLER and FRIEDMANN, JJ., concur.

Ordered that the order is reversed insofar as appealed from, with costs, the motion to dismiss the supplemental summons and complaint insofar as asserted against the appellant is granted, that branch of the cross motion which was to compel the acceptance of the plaintiff's method of service of the supplemental summons and complaint upon the appellant is denied, and the supplemental summons and complaint is dismissed insofar as asserted against the appellant.