ALP, Inc. v Moskowitz (2022 NY Slip Op 03962)

ALP, Inc. v Moskowitz

2022 NY Slip Op 03962

Decided on June 16, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 16, 2022

Before: Acosta, P.J., Kapnick, Friedman, Mendez, Higgitt, JJ. 

Index No. 652326/19 Appeal No. 16144 Case No. 2021-02727 

[*1]ALP, Inc., et al., Plaintiffs-Respondents,
v
Lawrence Moskowitz et al., Defendants, Adam Max, Defendant-Appellant.

Olshan Frome Wolosky LLP, New York (Kerrin T. Klein of counsel), for appellant.
Schlam Stone & Dolan LLP, New York (Jeffrey M. Eilender of counsel), for respondents.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered June 14, 2021, which granted plaintiffs' motion for a preliminary injunction to the extent of enjoining defendant Adam Max (Adam) and nonparty Lawrence J. Flynn, Esq. from commencing a shareholders' meeting for the purpose of restoring Adam as President and CEO of plaintiff ALP, Inc. and enjoining Adam from serving or acting as an officer or director of ALP, Inc. until further court order, and denied Adam's cross motion to vacate the temporary restraining order and dismiss the action as against him, unanimously reversed, on the law, without costs, Adam's motion granted and plaintiffs' motion denied as moot.
This action must be dismissed as against Adam Max (Adam) because the complaint was never properly amended to add him as a defendant. CPLR 1003 requires leave of court or a stipulation by all parties to add parties, at least where, as here, parties have previously been added. CPLR 3025(a)-(b) similarly requires leave of court or a stipulation by all parties to amend a complaint, at least when done so late in the case. Because this procedure was not followed, the amended complaint must be dismissed, at least as against the newly joined Adam (see Perez v Paramount Communications, 92 NY2d 749, 753-554 [1999]; Hulse v Wirth, 175 AD3d 1276, 1279 [2d Dept 2019]; Peterkin v City of New York, 293 AD2d 244, 247-249 [2d Dept 2002]).
There can be no preliminary injunctive relief in support of claims that have been dismissed.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2022