SHARON M. IZZO, Individually and as Administratrix of the Estate of FRANK J. IZZO, Deceased, Appellant, v MANHATTAN MEDICAL GROUP, P. C., et al., Defendants, and GLEN ROCK DRUGS, Respondent.

First Department, October 25, 1990

14

## APPEARANCES OF COUNSEL

*Paul F. McAloon, P. C.,* of counsel *(Howard S. Davis & Associates,* attorneys), for appellant.

*Lena A. Uljanov* of counsel *(Ricki E. Roer* with her on the brief; *Wilson, Elser, Moskowitz, Edelman & Dicker,* attorneys), for respondent.

## OPINION OF THE COURT

SULLIVAN, J. P.

Plaintiff, individually and as administratrix of the estate of Frank J. Izzo, commenced this action for wrongful death and conscious pain and suffering based on medical and pharmaceutical malpractice against various physicians, nurses and pharmacies. She alleges that the death of the decedent, her husband, was caused by acute drug intoxication brought about by his ingestion of controlled substances. Among the defendants are 7 physicians, 2 nurses and 12 pharmacies, including Glen Rock Drugs. As to Glen Rock, plaintiff alleges that its negligence in the filling of a single prescription caused or contributed to the decedent's addiction and, ultimately, his death. No other theory of liability is alleged; nor has any been demonstrated.

On July 16, 1986, Glen Rock dispensed Empirin No. 3 (Empirin with codeine) to the decedent pursuant to a union prescription form, which, in addition to the drug prescribed, included the handwritten DEA number and address and telephone number of Marvin Berman, a dentist. The form bore the signature "Marvin Bergman", which, according to plaintiff, the decedent had forged, and the hand-printed name "M. Bergman". The form did not include the mechanically imprinted name of the prescribing practitioner. The decedent, who had allegedly become physically dependent on drugs, died on November 27, 1986 at the age of 27, survived by plaintiff and an infant son. The autopsy listed the cause of death as "[a]cute mixed drug intoxication (flurazepam and diazepam)."

■ After joinder of issue, Glen Rock moved for summary judgment dismissing the complaint, arguing that it was not negligent in filling a single prescription, which was valid on its face. The IAS court granted the motion, specifically holding

that the hand printing of the prescriber's name on the prescription form complied with the statutory requirement of Education Law § 6810 (8) that the printed name of the prescriber be "imprinted" thereon. We disagree.

Pursuant to Education Law § 6810 (8), "[e]very prescription * * * written in this state by a person authorized to issue such prescription and containing the prescriber's signature shall, in addition to such signature, be imprinted or stamped legibly and conspicuously with the printed name of the prescriber who has signed the prescription." The regulations of the New York State Department of Health regarding prescriptions for controlled substances listed in schedules III, IV and V, promulgated pursuant to the Public Health Law, contain the same requirements (10 NYCRR 80.69 [b]). It is undisputed that Empirin No. 3 is a schedule III controlled substance.

We reject Glen Rock's argument that the statute requires only that the prescriber's printed name appear on the form in addition to his or her signature. The statute expressly provides that the prescriber's "printed name" be "imprinted" on the form. We believe that the word "imprinted" is more than mere surplusage and means that the name of the prescriber must be mechanically imprinted on the form and not merely hand printed thereon. To adopt Glen Rock's interpretation, which renders the word "imprinted" superfluous, would be to ignore the well-known rule of statutory construction that every word in the statute is to be given meaning and effect (McKinney's Cons Laws of NY, Book 1, Statutes § 231; *Matter of Hodges,* 154 AD2d 816). Courts should not assume that the Legislature would deliberately insert a phrase without meaning or purpose into the statute. Thus, we conclude that Glen Rock's filling of the prescription, which did not have the prescriber's name mechanically imprinted on the form, constitutes a statutory violation.

█ Aside from the question of Glen Rock's compliance with the statutory and regulatory requirements in filling the July 16, 1986 prescription, this appeal presents other questions, namely, whether a violation of section 6810 of the Education Law creates a private right of action and, if so, whether, in the circumstances, the decedent's estate and his survivors can avail themselves of such a cause of action.* The parties, at our

---

* Even though these questions were not raised before the IAS court, this court, on a motion for summary judgment, has the power to search the record and award judgment where appropriate. *(Fertico Belgium v Phosphate Chems. Export Assn.,* 100 AD2d 165, 171; CPLR 3212 [b].)

request, have addressed these issues in postargument submissions.

■ The Third Department has implicitly recognized a private right of action for civil damages under Education Law § 6810 (2), (4) in favor of a person who was injured as a result of her addiction to a prescription drug against a pharmacy which illegally and improperly refilled prescriptions for the drug. *(See, Bikowicz v Sterling Drug,* 161 AD2d 982.) Our own analysis of this question, under the circumstances alleged here, leads us to a similar conclusion.

Central to the inquiry as to whether a statute gives rise to a private right of action for civil damages is the tripartite test first set forth in *Burns Jackson Miller Summit & Spitzer v Lindner* (59 NY2d 314; *see also, Sheehy v Big Flats Community Day,* 73 NY2d 629): "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme" *(Sheehy v Big Flats Community Day, supra,* at 633). We are of the opinion that all three prongs of this test have been satisfied here.

There is no doubt that section 6810 of the Education Law—which regulates the dispensing of prescriptions—and, in particular, the amendment at issue here—which requires the "imprinting" of the prescriber's name on the form—were, at least in part, intended to prevent persons from obtaining drugs unlawfully through abuse of prescription pads and thereby to protect them from the health hazards of excessive drug use. *(See,* mem of Senator Howard E. Babush regarding S 4417, 1985 NY Legis Ann, at 230.) The decedent, who was allegedly addicted to certain drugs, was clearly within this category. Similarly, it is also apparent that a private right of action would be in furtherance of the legislative purposes of regulating the distribution of prescription drugs and ensuring compliance with the requirements of section 6810.

■ The final consideration under the three-part test is whether a private right of action under section 6810 would be inconsistent with the purposes underlying the legislative scheme. "[R]egardless of its consistency with the basic legislative goal, a private right of action should not be judicially sanctioned if it is incompatible with the enforcement mechanism chosen by the Legislature or with some other aspect of

the over-all statutory scheme." *(Sheehy v Big Flats Community Day, supra,* at 634-635.) Glen Rock, conceding that the first two elements of the three-part test have been met, argues that a private right of action would, in the circumstances presented, be inconsistent with the over-all legislative scheme for regulating pharmacies. In our view, a private cause of action in favor of a person injured as a result of a section 6810 violation would serve to reinforce the Legislature's efforts to secure compliance with the statute. *(See,* Education Law § 6511 [license revocation and suspension], § 6811 [19] [imposition of criminal liability].) Nor do we believe that recognition of a private right of action under section 6810 in favor of the addicted decedent and his next-of-kin would be inconsistent with the statute affording a right of action to those injured by persons impaired by controlled substances against those who unlawfully sold to them (General Obligations Law § 11-103). While the latter—analogous to statutes which provide for a right of action by any person injured by an intoxicated person against the person who unlawfully sold (General Obligations Law § 11-101) or furnished (General Obligations Law § 11-100) alcohol—does not authorize recovery by the person impaired by drugs, arguably indicating a legislative intent to withhold compensation to those whose use of drugs was voluntary, there is no reason to conclude that the Legislature intended to withhold compensation from individuals who were involuntarily addicted, as the decedent is alleged to have been. *(Cf., Sheehy v Big Flats Community Day, supra,* at 635-636.)

■ Similarly, while "the basic principle that one may not profit from his own wrong *(Riggs v Palmer,* 115 NY 506; *Carr v Hoy,* 2 NY2d 185) [has been extended] to tort actions seeking compensation for injuries resulting from the plaintiff's own criminal activities of a serious nature" *(Barker v Kallash,* 63 NY2d 19, 25), we do not think that an action in favor of the decedent should be barred at this stage of the proceeding on the ground that he forged the prescription which Glen Rock filled. When a person seeks to recover for injuries which were a direct result of his own illegal conduct, recovery is denied "because the public policy of this State generally denies judicial relief to those injured in the course of committing a serious criminal act" *(supra,* at 24). In this case, however, it is alleged that the decedent was involuntarily addicted to drugs to the extent that he lacked the capacity to know that it was wrong to forge prescriptions. This is, of course, a claim which is subject to further exploration and development. In any

event, it is sufficient to preclude the grant of summary dismissal in favor of Glen Rock at this time. In so ruling, we in no way intimate that a showing of causation has been made between the decedent's death and the filling of a single prescription. That issue is not before us at this time.

Accordingly, the order of the Supreme Court, New York County (Michael J. Dontzin, J.), entered January 24, 1990, which granted defendant Glen Rock Drugs' motion for summary judgment dismissing the complaint as against said defendant, should be reversed, on the law, without costs or disbursements, the motion denied and the complaint reinstated.

MILONAS, ROSENBERGER, ASCH and KASSAL, JJ., concur.

Order, Supreme Court, New York County, entered January 24, 1990, unanimously reversed, on the law, without costs and without disbursements, the motion for summary judgment denied, and the complaint reinstated. [*See,* — AD2d — (Jan. 8, 1991).]