■ Marc Carrier, Plaintiff, and James Stuart et al., Appellants, v Salvation Army, Doing Business as Booth House II, Respondent. [629 NYS2d 38] —Order, Supreme Court, New York County (Carol Huff, J.), entered August 23, 1994, which denied plaintiffs' motion for a preliminary injunction and the appointment of a temporary receiver, and granted the cross motion of defendant Salvation Army, doing business as Booth House II ("defendant"), to dismiss the complaint, unanimously affirmed, without costs.

The IAS Court, in denying the motion for the appointment of a receiver to operate the adult care facility during the decertification process and in dismissing the complaint, properly determined that plaintiffs had no cognizable private right of action, either actual or implied, under Social Services Law § 460-d to seek the appointment of a temporary receiver. The implication of such a private right of action is entirely inconsistent with the purposes, mechanism and the underlying legislative and statutory enforcement scheme, in that section 460-d, which is part of a highly structured statutory scheme for the regulation of adult residences (Social Services Law art 7), specifically provides the Commissioner of the New York State Department of Social Services with exclusive authority, by way of investigation, enforcement of regulations and the imposition of penalties, to enforce the provisions of the Social Services Law and the Department's promulgated regulations applicable to residential care programs (*see, Burns Jackson*

*Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 325; *cf., Izzo v Manhattan Med. Group*, 164 AD2d 13, 17-18, *amended* 169 AD2d 428, *lv dismissed* 77 NY2d 989).

Nor did the IAS Court err in finding that plaintiff Alvin Smith, as a resident of the adult care facility, was not entitled to rent stabilization protection based upon his continuous occupancy, since similar rent stabilization defenses, alleging that a landlord-tenant relationship is created between the operator of an adult home and the residents thereof, have been extensively litigated and repeatedly rejected by the courts (*Salvation Army v Alverson*, 157 Misc 2d 416, 420; *Fischer v Taub*, 127 Misc 2d 518, 526).

The statutory scheme of article 7 of the Social Services Law has therefore preempted the operation of rent stabilization via Social Services Law § 461-h (16), which provides for the maintenance, under appropriate circumstances, of a special proceeding to remove holdover residents of adult care facilities (*ibid.*). Concur—Wallach, J. P., Kupferman, Nardelli and Williams, JJ.