■ Laura Ledesma, Respondent, v AMA Grocery, Corp., et al., Defendants, and KPV Realty, LLC, et al., Appellants. (And a Third-Party Action.) [42 NYS3d 157]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered January 14, 2016, which denied defendants-appellants' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Defendants-appellants argue that they were out-of-possession landlords who were not responsible to maintain the area where plaintiff fell on a raised metal strip at the edge of a step at the entrance to the tenant's deli/grocery.

An out-of-possession landlord is generally not liable for negligence with respect to the condition of property after transfer of possession and control to the tenant unless the landlord "(1) is contractually obligated to make repairs or maintain the premises, or (2) has a contractual right to reenter, inspect and make needed repairs and liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision" (*Vasquez v The Rector*, 40 AD3d 265, 266 [1st Dept 2007]; *Ross v Betty G. Reader Revocable Trust*, 86 AD3d 419, 420 [1st Dept 2011]).

"Where an owner is not completely out of possession, it may be held liable as long as it had adequate notice of and a reasonable opportunity to repair the dangerous condition" (*Federal Ins. Co. v Evans Constr. of N.Y. Corp.*, 257 AD2d 508, 509 [1st Dept 1999]).

It was undisputed that the lease agreement made appellant landlords responsible for repairs to the interior and exterior public portion of the premises. The court properly concluded that there was an issue of fact concerning whether the metal strip was affixed to a step that was located in the public por-

tion of the premises, and the photographs submitted by the parties do not lay this issue to rest. Concur—Richter, J.P., Manzanet-Daniels, Feinman, Kapnick and Gesmer, JJ.