Nadkos, Inc. v Preferred Contrs. Ins. Co. Risk Retention Group LLC (2018 NY Slip Op 03242)





Nadkos, Inc. v Preferred Contrs. Ins. Co. Risk Retention Group LLC


2018 NY Slip Op 03242


Decided on May 3, 2018


Appellate Division, First Department


Singh, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando Acosta, P.J.
Sallie Manzanet-Daniels
Peter Tom
Jeffrey K. Oing
Anil C. Singh, JJ.


651556/16 6329 

[*1]Nadkos, Inc., Plaintiff-Appellant,
v
Preferred Contractors Insurance Company Risk Retention Group LLC, Defendant-Respondent, Chesakl Enterprises, Inc., Defendant.



Plaintiff appeals from an order of the Supreme Court, New York County (Melissa A. Crane, J.), entered November 6, 2017, which granted defendant Preferred Contractors Insurance Company Risk Retention Group LLC's (PCIC) motion for summary judgment, denied plaintiff's cross motion for summary judgment, and declared that PCIC does not have a duty to defend or indemnify plaintiff in the underlying personal injury action.




Melito & Adolfsen P.C., New York (S. Dwight Stephens and Ignatius John Melito of counsel), for appellant.
Diane Bucci, New York, for respondent.



SINGH, J.


The issue on this appeal, and one of first impression for this Court, is whether a risk retention group's (RRG)[FN1] failure to comply with the provision of Insurance Law § 3420(d)(2), [*2]requiring a timely notice of disclaimer, constitutes an unfair claim settlement procedure, prohibition of which is permitted under the federal Liability Risk Retention Act of 1986 (LRRA) (15 USC § 3901, et seq.). We agree with Supreme Court that a foreign RRG, such as defendant Preferred Contractors Insurance Company Risk Retention Group LLC (PCIC), does not need to comply with Insurance Law § 3420(d)(2) because it is preempted by the LRRA.
This insurance coverage declaratory judgment action arises out of an accident that occurred on May 27, 2015 during a construction project in Brooklyn owned by 596 E19 Partners, LLC, which hired plaintiff Nadkos, Inc. as general contractor. Nadkos entered into a subcontract with defendant Chesakl Enterprises, Inc. to perform the structural steel work. Chesakl hired Mirkamel Vafaev as a subcontractor; he allegedly fell and was injured while performing work under his subcontract.
Pursuant to its subcontract with Nadkos, Chesakl obtained general liability insurance from PCIC, a RRG, naming 596 and Nadkos as additional insureds.
In July 2015, Vafaev commenced the underlying personal injury action in Kings County, against 596, Nadkos, Chesakl, and Oleksandr Nad, allegedly a principal of Nadkos, alleging negligence and violations of Labor Law §§ 200 and 241(6).
On August 25, 2015, Colony Insurance Company, the commercial general liability insurer of Nadkos, tendered the underlying lawsuit to Chesakl and PCIC for defense and indemnification. On September 1, 2015, PCIC denied coverage to Chesakl on the basis of several policy exclusions. On November 16, 2017, PCIC disclaimed coverage to Nadkos based on the same exclusions.
On November 17, 2015, Colony advised PCIC that it had not timely disclaimed as required by Insurance Law § 3420, and therefore PCIC had waived any coverage defenses as to Nadkos under its policy. Later that day, PCIC responded that it is a RRG organized under the laws of Montana, with a Montana choice of law provision in the policy that renders New York Insurance Law § 3420 inapplicable. PCIC further maintained that its policy is excess, with no duty to defend.
Nadkos commenced this action in Supreme Court, seeking a declaration that PCIC is obligated to defend and indemnify it, in addition to seeking reimbursement for incurred costs of defense and any indemnity payments made. PCIC moved for summary judgment declaring that it is not obligated to defend or indemnify Nadkos. Nadkos cross-moved for summary judgment declaring that PCIC must defend and indemnify it. Supreme Court granted PCIC's motion for summary judgment, finding that the LRRA preempted New York Insurance Law § 3420(d)(2), and denied Nadkos' cross motion for summary judgment. Nadkos appeals.
The LRRA is not a comprehensive federal regulation of RRGs but, rather, is a "reticulated structure under which risk retention groups are subject to a tripartite scheme of concurrent federal and state regulation" (Wadsworth v Allied Professionals Ins. Co., 748 F3d 100, 103 [2d Cir 2014]). As it relates to state regulation, the LRRA permits the chartering state to regulate the formation and operation of RRGs and preempts most ordinary forms of regulation by the nondomiciliary states (15 USC § 3902[a][1], [4]). Therefore, the LRRA "sharply limits the secondary regulatory authority of nondomiciliary states over risk retention groups to specified, if significant, spheres" (Wadsworth, 748 F3d at 104).
One of the "significant spheres" that the LRRA permits non-domiciliary states to regulate [*3]is compliance with unfair claim settlement practices of that state (see 15 USC § 3902[a][1][A])[FN2]. New York Insurance Law § 5904(d), which closely mirrors the LRRA, expressly requires foreign RRGs to "comply with the unfair claims settlement practices provisions as set forth in [Insurance Law § 2601]."
Insurance Law § 2601 provides seven types of acts that, "if committed without just cause and performed with such frequency as to indicate a general business practice, shall constitute unfair claim settlement practices; one of these is (6) failing to promptly disclose coverage pursuant to [Insurance Law § 3420(d)]." It is undisputed that PCIC is a RRG formed and functioning under the LRRA and domiciled in Montana. Accordingly, section 5904(d) governs the imposition of regulations on PCIC's operations in New York.
Nadkos's contention that Insurance Law § 2601 includes a violation of Insurance Law § 3420(d)(2) as an unfair claim settlement practice and therefore is a permissible regulation of an RRG, is without merit. The clear language of Insurance Law § 2601 is unambiguous with respect to this issue. When engaging in statutory interpretation, "our primary consideration is to discern and give effect to the Legislature's intention" (Desrosiers v Perry Ellis Menswear, LLC, 30 NY3d 488, 494 [2017] [internal quotation marks omitted]). Accordingly, "[t]he statutory text is the clearest indicator of legislative intent and courts should construe unambiguous language to give effect to its plain meaning" (Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 660 [2006]; see also Izzo v Manhattan Med. Group, 164 AD2d 13, 16 [1st Dept 1990], lv dismissed 77 NY2d 989 [1991] [stating the "well-known rule of statutory construction that every word in the statute is to be given meaning and effect"]).
Nadkos argues that Insurance Law § 2601 only refers to Insurance Law § 3420(d) in its entirety and does not delineate between sub-sections (d)(1) and (d)(2). However, the use of the word "disclose," if applied to both subdivisions (1) and (2) of section 3420(d), would render the term superfluous (see Izzo, 164 AD2d at 16). Specifically, subdivision (1) of section 3420(d) sets forth time requirements for an insurer to "confirm" liability limits and "advise" when sufficient identifying information is lacking (i.e., disclose [FN3] information), while subdivision (2) [*4]sets forth time requirements for an insurer to "disclaim"[FN4] coverage (i.e., make a determination to deny coverage).
It is clear that the terms "disclose" and "disclaim" have distinct meanings and that the term "disclose" as used in section 2601(a) does not include the disclaimer of available coverages within Insurance Law § 3420(d)(2). This is further buttressed by the penalties imposed for a violation. Failure to disclose under section 3420(d)(1) may result in a civil penalty for the unfair claim settlement practice, while failure to disclaim results in coverage being extended beyond the scope and clear language of a policy (see Insurance Law § 2601[c]; KeySpan Gas E. Corp. v Munich Reins. Am., Inc., 23 NY3d 583, 590 [2014]).
As Insurance Law § 3420(d)(2) is not within the scope of Insurance Law § 2601 and 5904, Supreme Court properly found that section 3420(d)(2) is preempted by the LRRA. It is clear from the legislative history of the LRRA that "Congress intended to exempt [risk retention groups] broadly from state law requirements that make it difficult for risk retention groups to form or to operate on a multi-state basis" (Wadsworth, 748 F3d at 107 [internal quotation marks omitted]). Accordingly, the LRRA is to be given a broad and expansive reading (id.).
Application of Insurance Law § 3420(d)(2) to PCIC or to any other RRG would directly or indirectly regulate these groups in violation of 15 USC § 3902(a)(1). Section 3420(d)(2) alters the rights and obligations of the carrier and insured under the policy by creating additional rights for the injured party, that is not contemplated by the LRRA and not required by all other states. Specifically,
"the legislature enacted section 3420(d)(2) to aid injured parties by encouraging the expeditious resolution of liability claims. To effect this goal, the statute establishes an absolute rule that unduly delayed disclaimer of liability or denial of coverage violates the rights of the insured or the injured party. Compared to traditional common-law waiver and estoppel defenses, section 3420(d)(2) creates a heightened standard for disclaimer that depends merely on the passage of time rather than on the insurer's manifested intention to release a right as in waiver, or on prejudice to the insured as in estoppel"
(KeySpan, 23 NY3d at 590 [internal quotation marks, citations and brackets omitted]).
This heightened standard requirement in New York impairs an RRG's ability to operate on a nationwide basis "without being compelled to tailor their policies to the specific requirements of every state in which they do business" (Wadsworth, 748 F3d at 108). As Congress has chosen to limit the power of nondomiciliary states to regulate RRGs, the LRRA clearly preempts Insurance Law § 3420(d)(2).
Accordingly, the order of the Supreme Court, New York County (Melissa A. Crane, J.), entered November 6, 2017, which granted defendant PCIC's motion for summary judgment, denied Nadkos, Inc.'s cross motion for summary judgment, and declared that PCIC does not have a duty to defend or indemnify Nadkos in the underlying personal injury action, should be affirmed, with costs.
All concur.
Order, Supreme Court, New York County (Melissa A. Crane, J.), entered November 6, 2017, affirmed, with costs.
Opinion by Singh, J. All concur.
Acosta, P.J., Manzanet-Daniels, Tom, Oing, Singh, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK



Footnotes

Footnote 1:A risk retention group is a liability insurance company created by organizations or persons engaged in similar businesses or activities and thereby exposed to the same types of liability. The insureds are the owners of the RRG (see 15 USC § 3901(a)(4)).

Footnote 2:Specifically, the LRRA states,
"Except as provided in this section, a risk retention group is exempt from any State law, rule, regulation, or order to the extent that such law, rule, regulation, or order would
"(1) make unlawful, or regulate, directly or indirectly, the operation of a risk retention group except that the jurisdiction in which it is chartered may regulate the formation and operation of such a group and any State may require such a group to
"(A) comply with the unfair claim settlement practices law of the State."

Footnote 3:The plain meaning of "disclosure" is "to make (something) known or public; to show (something) after a period of inaccessibility or of being unknown; to reveal" (Black's Law Dictionary [10th ed 2014], disclose).

Footnote 4:"Disclaim" refers to a statement "usually formally, that one has no responsibility for, knowledge of, or involvement with (something)" (Black's Law Dictionary [10th ed 2014], disclaim).