Williams v Plaxall Realty Sub, LLC. (2023 NY Slip Op 06463)

Williams v Plaxall Realty Sub, LLC.

2023 NY Slip Op 06463

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Manzanet-Daniels, J.P., Oing, Moulton, Shulman, Rosado, JJ. 

Index No. 300514/14 Appeal No. 1234 Case No. 2022-03692 

[*1]Eugene Williams, Plaintiff-Appellant,
v
Plaxall Realty Sub, LLC., Defendant, Plaxall, Inc., Defendant-Respondent.

Harris Keenan & Goldfarb PLLC, New York (Jason Steinberg of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.

Order, Supreme Court, Bronx County (Marissa Soto, J.), entered on or about June 29, 2022, which, to the extent appealed from as limited by the briefs, granted defendant Plaxall, Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff was injured when an armored truck operated by his employer, nonparty Garda World Security, backed into a support column in a trucking bay as he sat in an office chair in the truck's rear cargo area. Plaintiff contends that the premises, which Plaxall, Inc. owned and Garda leased, were inadequately illuminated and defectively designed, with structural support beams that encumbered and blocked vehicles' means of egress.
An out-of-possession landlord is generally not liable for negligence with respect to the condition of the demised premises unless it is contractually obligated to make repairs or maintain the premises, or has a contractual right to re-enter, inspect and make needed repairs and liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision (see Ledesma v AMA Grocery, Corp., 145 AD3d 477, 477 [1st Dept 2016]; see also Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 566-567 [1987]). Here, although Plaxall, Inc., an out-of-possession landlord, had the right to re-enter the premises and make repairs, it established that there was no defect in the structure or design of the building or its appurtenances, but rather, that plaintiff's injuries were caused by the negligence of plaintiff's coworkers when they were guiding the armored truck into the trucking bay while plaintiff was an unbelted rear cargo passenger.
In opposition, plaintiff failed to raise an issue of fact, as it failed to identify an applicable Building Code section that was violated. Although plaintiff cites New York City Building Code (Administrative Code of City of NY, title 28, ch 7) §§ BC 1003.6 and 27-369, mandating that a means of egress is not to be obstructed, those sections do not prohibit support columns in a trucking bay, as they contemplate occupants walking towards a building's interior exit and not motor vehicles being driven toward garage doors.
New York City Building Code (Administrative Code of City of NY, title 28, ch 7) § BC 27-381 also does not apply. Although that section mandates that "corridors and exits" shall be provided with adequate lighting, a trucking bay is not a corridor under the terms of the Building Code (cf. NY City Bldg Code § BC 27-232 [defining "corridor" as "[a]n enclosed public passage providing a means of access from rooms or spaces to an exit" and defining "exit" as "[a] means of egress from the interior of a building to an open exterior space which is provided by the use of the following, either singly or in combination: exterior door openings, vertical exits, exit passageways, horizontal exits, interior stairs, fire towers or fire escapes; but not including access stairs[*2], aisles, corridor doors or corridors"]). Giving the terms in the code their ordinary meaning, it is clear that NY City Bldg Code § BC 27-381 does not govern passageways for vehicles (see Izzo v Manhattan Med. Group, P.C., 164 AD2d 13, 16 [1st Dept 1990]).
As to Vehicle and Traffic Law § 1680, that statute does not apply, as it operates to assure that roadway boundaries are easily noticeable on streets and highways. By its terms, the statute does not apply to interior trucking bays.
Plaxall, Inc.'s expert opined there was no violation of applicable lighting requirements, as he could see the walls and yellow painted columns. Although there were nine years between the incident and his site inspection, plaintiff did not contend the support columns were moved, conceded they were repainted the same yellow color, and testified the lighting was "not bright," thus confirming the expert's observations. On the other hand, in rendering an opinion that the trucking bay was insufficiently illuminated, plaintiff's own expert relied on plaintiff's testimony as the basis for his opinion rather than relying his own observations, thus rendering his opinion speculative and failing to raise a question of fact (see Hardsog v Price Chopper Operating Co., Inc., 99 AD3d 1130, 1132 [3rd Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023