■ DAVID HITZIG, Respondent, v BOROUGH-TEL SERVICE, INC., et al., Appellants.—Order of the Supreme Court, New York County (Irma Vidal Santaella, J.), entered April 3, 1990, which modified the prior order of the same court entered November 14, 1988 granting summary judgment dismissing

the complaint as to defendants Steinberg, Greenberg and Segal, to the extent of rejoining defendant Clement Segal in the action, unanimously reversed, on the law, the order of April 3, 1990 vacated and the order entered November 14, 1988 reinstated, without costs.

Having some 1½ years before granted summary judgment in defendant Segal's favor, the motion court, by order entered April 3, 1990, rejoined Segal noting, "[W]hile the motion is untimely as one for reargument pursuant to CPLR 2221 * * * this Court determines that the interest of justice requires rejoinder of Executor Segal without whom complete relief cannot be accorded."

Although plaintiff characterizes the rejoinder of defendant Segal as nothing more than the joinder of a necessary party pursuant to CPLR 1003, we view it differently. Once the claims against Segal had been dismissed he could not have been properly rejoined by the motion court except by reargument of the motion pursuant to which he had been granted summary judgment. The court, however, lacked the power to grant such relief as might have been afforded on reargument since the time within which reargument could have been sought had long since passed (see, Fitzpatrick v Cook, 58 AD2d 642). It was not within the court's discretion to extend that limit, even in what it perceived to be the interests of justice, for the extension impermissibly vitiated the finality of the 1½-year-old judgment in defendant's favor. Certainly, the joinder provisions of CPLR 1003 were never intended as a means to circumvent the limitation engrafted in CPLR 2221 (Fitzpatrick v Cook, supra), which limitation is essential to preserving the finality of judgments. Concur—Murphy, P. J., Sullivan, Milonas and Smith, JJ.