■ CATHERINE DAUERNHEIM, Respondent, v LENDLEASE CARS, INC., Respondent, et al., Defendant, and GENERAL MOTORS CORPORATION, Appellant. (And a Third-Party Action.) [609 NYS2d 302] —In an action to recover damages for personal injuries, the defendant General Motors Corporation appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated May 1, 1992, which (1) denied its motion to dismiss the plaintiff's amended complaint, and (2) granted the plaintiff's cross motion for leave to serve an amended complaint nunc pro tunc.

Ordered that the the order is reversed, on the law, with one bill of costs, the motion is granted, the cross motion is denied, the amended complaint is dismissed, and the action against the remaining defendants is severed.

The plaintiff's failure to obtain leave of court before service of its supplemental summons and amended complaint to add a new party defendant constituted a jurisdictional defect requiring dismissal of the action against the new party defendant *(see, Crook v du Pont de Nemours Co.,* 181 AD2d 1039, 1040, *affd* 81 NY2d 807). Notwithstanding the consent of all existing parties, joinder of a new party defendant without court approval is a nullity unless waived by the new party *(see, Crook v du Pont de Nemours Co., supra; Cantanese v Lipschitz,* 44 AD2d 579).

Moreover, since the failure to obtain court approval rendered the plaintiff's amended complaint a legal nullity, it was error for the Supreme Court to grant the plaintiff leave to amend her process nunc pro tunc *(see, Crook v du Pont de Nemours Co., supra).* We further note that, under the circumstances of this case, the court could not have granted leave to amend the complaint prospectively, because the Statute of Limitations had run as of the date of the order appealed from. To the extent that *Felix v Tischler* (73 AD2d 609) is to the contrary, it has been overruled by *Crook v du Pont de Nemours Co. (supra).*

The parties' remaining contentions are without merit. Balletta, J. P., Ritter, Copertino and Goldstein, JJ., concur.