■ MURRAY HILL INVESTMENTS, INC., Appellant, v ADAS YEREIM, INC., et al., Defendants and Third-Party Plaintiffs-Appellants, et al. Defendants. MANUFACTURERS HANOVER TRUST et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant. (Action No. 1.) MURRAY HILL INVESTMENTS, INC., Appellant, v MICHAEL BINET, Defendant, and CHEMICAL BANK et al., Respondents. (Action No. 2.) [612 NYS2d 679] —In two related actions to recover damages for fraud and conversion, (1) the plaintiff in both actions appeals, as limited by its notice of appeal and brief, from (a) so much of an order of the Supreme Court, Kings County (G. Aronin, J.), entered July 22, 1991, as granted the respective motions by Manufacturers Hanover Trust Company and Chemical Bank, defendants in Action No. 2, to dismiss the complaint in Action No. 2 insofar as it is asserted against them, (b) so much of an order of the same court entered January 13, 1993, as denied its motion to renew that part of the order entered July 22, 1991, which granted the respective motions by Manufacturers Hanover Trust Company and Chemical Bank to dismiss the complaint in Action No. 2 insofar as it is asserted against them, and (c) so much of an order of the same court, also entered January 13, 1993, as denied its motion to serve an amended complaint on Manufacturers Hanover Trust Company and Chemical Bank in Action No. 2., and (2) the defendants third-party plaintiffs in Action No. 1 separately appeal (a) from an order of the same court entered February 6, 1992, which granted the motion of the third-party defendant Manufacturers Hanover Trust Company to dismiss the third-party complaint insofar as it is asserted against it, and (b) as limited by their notice of appeal and brief, from so much of the order

entered July 22, 1991, as granted the motion of the defendant Manufacturers Hanover Trust Company to dismiss the complaint in Action No. 2 insofar as it is asserted against it, and granted the separate motion of the defendant Chemical Bank for summary judgment dismissing the complaint in Action No. 2 insofar as it is asserted against it.

Ordered that the appeal by the defendants third-party plaintiffs from the order entered July 22, 1991, is dismissed, as the defendants third-party plaintiffs are not aggrieved by that order (see, CPLR 5511); and it is further,

Ordered that the order entered July 22, 1991, and the two orders entered January 13, 1993, are affirmed insofar as appealed from by the plaintiff; and it is further,

Ordered that the order entered February 6, 1992, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs, payable by the appellants appearing separately and filing separate briefs.

The plaintiff commenced Action No. 1 against, among others, Adas Yereim, Inc. (hereinafter Adas), based on the failure of Adas to return the proceeds of an alleged loan from the plaintiff. Adas served an answer which contained a third-party complaint, seeking indemnity if Adas was held liable to the plaintiff based on the complaint in the main action. Although the third-party complaint named Manufacturers Hanover Trust Company (hereinafter MHT), the bank in which a portion of the alleged loan proceeds were held, as a third-party defendant, the third-party complaint was never served on MHT. However, MHT served a notice of appearance in the third-party action and then moved to dismiss the third-party complaint insofar as it is asserted against it, based, *inter alia,* upon a complete defense founded upon documentary evidence. The Supreme Court granted MHT's motion and dismissed the third-party complaint insofar as it is asserted against it.

Although normally a party may not intrude upon litigation or force a plaintiff to litigate claims it does not wish to litigate, a party may intervene in an action in which it may be affected by the judgment. As was stated in *Matter of Ladin (D. & C. Textile Corp.)* (20 AD2d 8, 10) a party may intervene in an action in which, as here, "he [or she] can be made liable for any part of the judgment that is recovered and the recovery will establish the claim against him [or her]".

We find that the Supreme Court properly dismissed the third-party complaint as asserted against MHT, based upon its

complete defense founded upon documentary evidence. MHT presented documentary evidence demonstrating that pursuant to the instructions of agents of Adas, it applied the proceeds of this alleged loan as collateral for other loans made to Adas. Therefore, MHT would not be responsible for the failure of Adas to return the money to the plaintiff.

The Supreme Court properly granted the motion of the defendant Chemical Bank for summary judgment dismissing the complaint in Action No. 2 insofar as it is asserted against it. Beyond conclusory allegations and evidence which had not been presented in admissible form, the plaintiff made no showing that Chemical Bank engaged in any fraudulent scheme against it (see, Zuckerman v City of New York, 49 NY2d 557; Oversby v Linde Div., 121 AD2d 373; Comstock & Co. v Duffy, 43 AD2d 704). We also find that the documents submitted by MHT established a complete defense to the fraud action founded upon documentary evidence (see, CPLR 3211 [a] [1]). Furthermore, we agree with the Supreme Court that the funds in these banks' accounts could not be the subject of a conversion cause of action (see, Luxonomy Cars v Citibank, 65 AD2d 549).

The motion to renew was properly denied. The new evidence presented by the plaintiff in its motion to renew which was not within its knowledge or readily discoverable by the plaintiff at the time of the original motions, and was, therefore, properly raised in the motion to renew, does not raise triable issues of fact as to any wrongdoing on the part of the defendant banks.

We find that the Supreme Court did not err in denying the plaintiff's motion to amend the complaint in Action No. 2 to assert, inter alia, new causes of action against two defendants which had already had the complaint dismissed insofar as it is asserted against them (see, Hitzig v Borough-Tel Serv., 168 AD2d 276).

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Pizzuto and Florio, JJ., concur.