■ IVAN NUÑEZ, an Infant, et al., Appellants, v 38 SICKLES STREET CORP. et al., Respondents. [703 NYS2d 16] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered November 20, 1998, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The material facts are undisputed. On April 25, 1993, the infant plaintiff was injured while at the premises described as 38 Sickles Street in the City and County of New York, visiting

his grandmother. In the early evening, plaintiff played a variant of the game of hide and seek with some companions. Accompanied by a friend named Jonathan, plaintiff decided to climb a vertical fire escape ladder, which was extended to the ground, to hide on the fire escape landing. Jonathan climbed up first, without incident. Plaintiff followed, lost his footing before reaching the landing and fell to the concrete below, sustaining a fractured skull.

The complaint asserts that the fire escape was in a defective and hazardous condition. Plaintiffs further assert that defendants' agents were aware that neighborhood children repeatedly scaled a chain-link fence next to the building, climbed onto the fire escape landing and released the hook holding the ladder in the raised position, causing it to extend to the ground. The infant plaintiff also stated, in his examination before trial, that before he began to climb the ladder, he observed a combination of rust and flaking paint which, he maintains, is what caused him to slip. In opposition, defendants submitted an inspection report dating from October 1987, which indicates that the fire escapes were "[i]n good repair." Defendants also submitted a report stating that a search of the Building Department and Fire Department records failed to disclose any violation that has ever been issued for the building's fire escapes and ladders.

As the Court of Appeals noted in *Basso v Miller* (40 NY2d 233, 242), it is incumbent upon the court to "make the threshold determination as to whether the plaintiff, by introducing adequate evidence on each element [of a negligence action], has made out a case sufficient in law to support a favorable jury verdict. Only in those cases where there arises a real question as to the landowner's negligence should the jury be permitted to proceed." As the Court of Appeals stated in a similar case, "In any negligence case the court must always determine as a threshold matter whether the facts will support an inference of negligence or lack of negligence" (*Scurti v City of New York*, 40 NY2d 433, 442).

The fire escape is an appurtenance which the land owners are required to maintain and from which they are required to afford ready egress (Administrative Code of City of NY § 27-368; *O'Connell v Kavanagh*, 231 AD2d 29). To the extent that the condition of the ladder is material, it is evident from the infant plaintiff's testimony that he observed the alleged rust and flaking paint and nevertheless proceeded with his ascent, disregarding any hazard it may have posed (*see, Griffin v Lardo*, 247 AD2d 825, 826, *lv denied* 91 NY2d 814; *Osborne v Olean*

*Bd. of Educ.*, 186 AD2d 1059). There is no evidence to suggest that the subject fire escape was not in good operating condition or fit for its intended use in an emergency, as the ease with which neighborhood children were able to lower the ladder suggests. Nor could the owners defeat this feature without violating the law and breaching their duty to keep the premises in a safe condition (*Kush v City of Buffalo*, 59 NY2d 26, 29-30). While the evidence shows that access to the fire escape landing could be gained by scaling a chain-link fence, the fence is located on the *adjoining* land owner's property, and defendants are under no duty to maintain it. The evidence further indicates that the owners' agents continually restored the fire escape ladder to the upright, latched position, only to have unidentified third persons lower it. Thus, this is not a situation where the plaintiff's own failure to exercise due care with respect to an obvious hazard could be obviated by a nominal effort on defendants' part. Finally, casting the owners in damages might induce property owners to defeat a safety device intended for the general welfare of the building's inhabitants in order to protect against the potential for liability to someone tampering with it, a result clearly to be avoided from the standpoint of public safety (*see, Lusenskas v Axelrod*, 183 AD2d 244, 245, *appeal dismissed* 81 NY2d 300 [self-closing hinge]). Concur—Sullivan, J. P., Nardelli, Rubin, Andrias and Friedman, JJ.