■ SHALA YADEGAR et al., Respondents, v INTERNATIONAL FOOD MARKET et al., Defendants, and ROSLYN GRILL, INC., Doing Business as HAMID's DINER, et al., Appellants. [761 NYS2d 846] —In an action to recover damages for personal injuries, etc., the defendants Roslyn Grill, Inc., doing business as Hamid's Diner, and Hamid Banayan appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Jonas, J.), dated October 22, 2002, as denied that branch of their motion which was to dismiss the supplemental summons and the amended complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the supplemental summons and amended complaint insofar as asserted against the appellants is granted, and the action against the remaining defendants is severed.

With respect to joinder, CPLR 1003 provides in pertinent part that "[p]arties may be added at any stage of the action by leave of court or by stipulation of all parties who have appeared" (see Peterkin v City of New York, 293 AD2d 244, 247 [2002]). The plaintiffs' failure to follow this procedure before service of their supplemental summons and amended complaint constituted a jurisdictional defect requiring dismissal of the action against the new party defendants (see Dauernheim v Lendlease Cars, 202 AD2d 624, 625 [1994]). Furthermore, since the plaintiffs' failure to follow the requisite procedure rendered the supplemental summons and amended complaint a legal nullity, it was error for the Supreme Court to grant the plaintiffs leave to serve them nunc pro tunc (see Dauernheim v Lendlease Cars, supra). Santucci, J.P., Smith, Luciano, Schmidt and Mastro, JJ., concur.