■ LJUBOMIR NIKOLIC, Appellant, v FEDERATION EMPLOYMENT AND GUIDANCE SERVICE, INC., et al., Respondents. [795 NYS2d 303]—

In an action to recover damages for wrongful death, etc., the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated May 10, 2004, as denied that branch of his motion which was for an extension of time to serve the original summons and complaint upon the defendants Honorable Caroline K. Simon Counseling Centers, Jody Shatkin, and Vera Osipyan and, upon reargument, adhered to its prior determination in an order dated February 11, 2004, denying his motion for leave to deem the amended summons and complaint served nunc pro tunc.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleged in the original complaint that the defendants Gary Weinstein, Sheila Devlin-Craane, Jody Shatkin, and Vera Osipyan negligently rendered psychological treatment to his daughter, who subsequently committed suicide. However, the plaintiff failed to set forth in the original complaint the dates of the alleged negligence. All of these defendants were employees of the Behavioral Health Center of the defendant Federation Employment and Guidance Service, Inc. (hereinafter FEGS), a not-for-profit corporation which operates a clinic facility that provides counseling services. The original summons and complaint also named the defendant Honorable Caroline K. Simon Counseling Centers (hereinafter Counseling Centers) as a defendant.

In August 2003 the plaintiff served the original summons and complaint upon Weinstein, Devlin-Craane, and FEGS. However, the plaintiff failed to serve such papers on Counseling Centers, Shatkin, and Osipyan.

Devlin-Craane served her answer in August 2003, and FEGS and Weinstein each served their answers in September 2003. The plaintiff then filed an amended summons and complaint on November 3, 2003, without leave of court or stipulation of the parties. The amended summons and complaint set forth the specific dates of the alleged negligence, and also added Rego Park Mental Health Clinic (hereinafter Rego Park) as a defendant. The plaintiff served the amended summons and complaint upon the attorneys for Weinstein, Devlin-Craane, and FEGS on October 31, 2003, upon Counseling Centers, Osipyan, and Rego Park on November 13, 2003, and upon Shatkin on November 19, 2003.

In November 2003 the plaintiff moved to deem the amended summons and complaint served nunc pro tunc. By order dated February 11, 2004, the Supreme Court denied the motion and deemed the amended summons and complaint a nullity against Counseling Centers, Rego Park, Shatkin, and Osipyan. The plaintiff then moved, in March 2004, for an extension of time to serve the original summons and complaint upon Counseling Centers, Shatkin, and Osipyan, and for leave to renew and reargue his prior motion to deem the amended summons and complaint served nunc pro tunc. The Supreme Court denied that branch of the motion which was for an extension of time to serve the original summons and complaint upon Counseling Centers, Shatkin, and Osipyan, and granted that branch of the motion which was for leave to reargue the prior motion to deem the amended summons and complaint served nunc pro tunc. Upon reargument, the Supreme Court adhered to its original determination denying the plaintiff's motion to deem the amended summons and complaint served nunc pro tunc.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying him an extension of time to serve the original summons and complaint for good cause shown or in the interest of justice (*see Tarzy v Epstein,* 8 AD3d 656 [2004]; *Johnson v Marquez,* 2 AD3d 786 [2003]; *Bailey v Brookdale Univ. Hosp. & Med. Ctr.,* 292 AD2d 328 [2002]).

Further, the Supreme Court, upon reargument, properly adhered to its initial determination denying the plaintiff's motion to deem the amended summons and complaint served nunc pro tunc. Under CPLR 3025 (a), a plaintiff is entitled to serve an amended summons and complaint once without leave of court within 20 days after its service, or at any time before the period for responding to it expires, or within 20 days after service of a pleading responding to it. Three of the six defendants herein served answers to the original complaint in August and September 2003. However, the plaintiff served the amended summons and complaint in November 2003, which was after the expiration of the 20-day period set forth under CPLR 3025 (a). Therefore, inasmuch as the 20-day period had expired, the plaintiff was required to seek leave of court or obtain the stipulation of the parties in order to serve an amended summons and complaint (*see* CPLR 3025 [b]). Accordingly, the plaintiff's service of the amended summons and complaint was a nullity since he served these papers without leave of court or a stipulation of the parties in accordance with CPLR 3025 (b) (*see Peterkin v City of New York,* 293 AD2d 244 [2002]; *Camacho v New York City Tr. Auth.,* 115 AD2d 691 [1985]).

The plaintiff's remaining contentions either are unpreserved for appellate review (*see Farmer v Central El.,* 255 AD2d 289, 290 [1998]) or without merit. Cozier, J.P., Krausman, Mastro and Fisher, JJ., concur.