*498 Order, Supreme Court, Bronx County (Mary Ann BriganttiHughes, J.), entered August 3, 2012, which denied defendant’s motion to vacate the default judgment against her, unanimously affirmed, without costs.
Plaintiff satisfied his burden of establishing personal jurisdiction over defendant by service of the summons and complaint pursuant to CPLR 308 (2). At the traverse hearing, the process server testified that he served defendant’s sister, a person of suitable age and discretion, and mailed a copy of the summons and complaint to defendant. We find no basis to disturb the hearing court’s determination to credit his testimony. That the affidavit of service filed by the process server incorrectly indicates that service was on the “Individual” defendant, and does not indicate that the summons and complaint was mailed to defendant, does not warrant a different result. These are mere irregularities which do not divest the court of jurisdiction (see Bell v Bell, Kalnick, Klee & Green, 246 AD2d 442, 443 [1st Dept 1998]; Mendez v Kyung Yoo, 23 AD3d 354 [2d Dept 2005]; Mrwik v Mrwik, 49 AD2d 750 [2d Dept 1975]). These irregularities in the affidavit of service did not stop or toll defendant’s time to answer (see e.g. Morrissey v Sostar, S.A., 63 AD2d 944 [1st Dept 1978]).
We have considered defendant’s remaining arguments and find them unavailing. Concur — Friedman, J.P., Richter, Feinman and Gische, JJ.