■ RAYMOND K. WEST, Appellant, v CITY OF NEW YORK et al., Respondents. [39 NYS3d 65]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated April 7, 2014, as granted that branch of the cross motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it, and denied, as academic, his cross motion, inter alia, for leave to amend the caption.

Ordered that the order is affirmed insofar as appealed from, with costs.

On June 7, 2012, the plaintiff allegedly was injured when a

desk chair he was sitting on in a classroom at LaGuardia Community College collapsed. The premises in question is owned by the Dormitory Authority of the State of New York (hereinafter the Dormitory Authority) and leased to the City University of the City of New York (hereinafter CUNY). On December 21, 2012, the plaintiff commenced this action against the City of New York and "the Dormitory Authority of the State of New York doing business as Fiorello H. LaGuardia Community College." In October 2013, the Dormitory Authority moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it, and the City cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff cross-moved, inter alia, for leave to amend the caption to substitute CUNY as the defendant, and to deem the summons and complaint served upon CUNY, nunc pro tunc. The Supreme Court, inter alia, granted that branch of the City's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it, and denied the plaintiff's cross motion.

The plaintiff concedes that neither the City nor the Dormitory Authority is a proper party to this action. He seeks to amend the caption to substitute CUNY as the defendant and to deem the summons and complaint served upon CUNY, nunc pro tunc, pursuant to CPLR 305 (c). Under CPLR 305 (c), an amendment to correct a misnomer will be permitted "if the court has acquired jurisdiction over the intended but misnamed defendant provided that . . . the intended but misnamed defendant was fairly apprised that it was the party the action was intended to affect . . . [and] would not be prejudiced" by allowing the amendment (*Simpson v Kenston Warehousing Corp.*, 154 AD2d 526, 527 [1989]; *see Holster v Ross*, 45 AD3d 640, 642 [2007]; *Kingalarm Distribs. v Video Insights Corp.*, 274 AD2d 416, 417 [2000]). Here, CUNY would be prejudiced by the amendment because the plaintiff failed to timely serve it with a notice of claim, which is a condition precedent to the commencement of a tort action against a community college of CUNY. (*see* Education Law § 6224 [1], [2]; *see also* General Municipal Law § 50-e; *McKie v LaGuardia Community Coll./ CUNY*, 85 AD3d 453 [2011]; *Kokkinos v Dormitory Auth. of State of N.Y.*, 238 AD2d 550, 551 [1997]; *see generally Davidson v Bronx Mun. Hosp.*, 64 NY2d 59, 62 [1984]). While the plaintiff's initial service of a notice of claim naming the wrong municipal entity might have constituted a reasonable excuse to support a motion for leave to serve a late notice of claim made within the available one-year-and-90-day statute of limitations (*see* General Municipal Law § 50-e [5]), the plaintiff never made

such a timely motion. To the extent that the plaintiff's cross motion can be deemed an application to serve a late notice of claim against CUNY, as the one-year-and-90-day statute of limitations has expired, the Supreme Court lacked the authority to extend the time to file a notice of claim beyond the statutory time limit for the asserted claim (see General Municipal Law § 50-e [5]; Pierson v City of New York, 56 NY2d 950, 954-956 [1982]; Gastman v Department of Educ. of City of N.Y., 60 AD3d 444, 445 [2009]).

The plaintiff's remaining contentions either are without merit or need not be reached in light of the foregoing.

Accordingly, the Supreme Court properly granted that branch of the City's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it, and denied that branch of the plaintiff's cross motion which was for leave to amend the caption to substitute CUNY as a defendant instead of the City, and to deem the summons and complaint served upon CUNY, nunc pro tunc. Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.