■ Julio Jaramillo, Respondent, v Javier Sierra Asconcio et al., Defendants, and Darek Cake, Inc., et al., Appellants. [58 NYS3d 412]—

In an action to recover damages for personal injuries, the defendants Darek Cake, Inc., Marzena Lojek, and Dariusz Lojek appeal from an order of the Supreme Court, Queens County (Butler, J.), dated February 19, 2015, which denied their motion pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against them as barred by the statute of limitations.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Darek Cake, Inc., Marzena Lojek, and Dariusz Lojek which was pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against the defendant Marzena Lojek, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

On January 1, 2011, the plaintiff allegedly was injured when

he was struck by a vehicle operated by the defendant Javier Sierra Asconcio, and owned by the defendant Inter Euro Construction Corp. (hereinafter Inter Euro). The plaintiff alleges that at the time of the accident, Asconcio was operating his vehicle on behalf of the defendant Darek Cake, Inc., which was initially incorrectly sued herein as Darek Cake Company. On August 22, 2011, the plaintiff commenced this action to recover damages for personal injuries against Asconcio, Inter Euro, Darek Cake Company, and the Grimaldi Bakery Co. Dariusz Lojek, the principal of both Inter Euro and Darek Cake, Inc., was not initially named as a defendant in the action. However, on June 20, 2012, Dariusz Lojek's attorney filed a notice of appearance on his behalf, and demanded "that all Notices and Demands in this action be served upon the undersigned attorney at the address set forth below." In a letter to the attorneys for the plaintiff and the defendants in the action, Dariusz Lojek's attorney asked for "copies of any legal papers which you may have already filed in this action," and requested to be advised of "pending appearances."

Over three months later, on September 24, 2012, the plaintiff filed a supplemental summons and amended complaint deleting the defendant Grimaldi Bakery Co. from the caption, correcting the name of the defendant Darek Cake Company to Darek Cake, Inc., and adding Marzena Lojek and Dariusz Lojek, the alleged principals of Inter Euro and Darek Cake, Inc., as defendants in the action. Darek Cake, Inc., Marzena Lojek, and Dariusz Lojek were served with the supplemental summons and amended complaint in December 2012.

On January 8, 2014, the Supreme Court so-ordered a stipulation between the plaintiff, Asconcio, and Inter Euro, in which those parties agreed to add Marzena Lojek and Dariusz Lojek as defendants in the action, and to correct the name of Darek Cake Company to Darek Cake, Inc.

The defendants Darek Cake, Inc., Marzena Lojek, and Dariusz Lojek subsequently made a pre-answer motion pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against them as barred by the three-year statute of limitations. They argued that the stipulation agreeing to add Marzena Lojek and Dariusz Lojek as defendants, and agreeing to correct the name of Darek Cake Company to Darek Cake, Inc., was not so-ordered until January 8, 2014, more than three years after the accident occurred on January 1, 2011. The Supreme Court denied the motion on the ground that the supplemental summons and amended complaint was filed in September 2012, and served in December 2012, within the three-year statute of limitations.

At issue here is whether the plaintiff complied with CPLR 1003, which provides, in pertinent part, that "[p]arties may be added at any stage of the action by leave of court or by stipulation of all parties who have appeared, or once without leave of court within twenty days after service of the original summons or at anytime before the period for responding to that summons expires or within twenty days after service of a pleading responding to it." Here, the plaintiff served and filed the supplemental summons and amended complaint outside of the time periods specified in CPLR 1003, and before obtaining leave of court or a stipulation of the parties who had appeared in the action. Since the plaintiff failed to obtain leave of court or a stipulation between the parties before serving and filing the supplemental summons and amended complaint, that service may be deemed a nullity, and the amended complaint dismissed insofar as asserted against the additional parties for lack of personal jurisdiction (*see Nikolic v Federation Empl. & Guidance Serv., Inc.*, 18 AD3d 522, 524 [2005]; *Yadegar v International Food Mkt.*, 306 AD2d 526 [2003]; *Peterkin v City of New York*, 293 AD2d 244 [2002]; *Christiansen v City of New York*, 144 AD2d 328 [1988]).

However, lack of personal jurisdiction may be waived (*see Taveras v City of New York*, 108 AD3d 614, 617-618 [2013]; *Yihye v Blumenberg*, 260 AD2d 371, 371-372 [1999]). Under the circumstances of this case, by his appearance in June 2012 and his voluntary participation in the action, Dariusz Lojek submitted to the jurisdiction of the court and waived any defense of lack of personal jurisdiction within the applicable statute of limitations (*see* CPLR 320 [b]; *Murray Hill Invs. v Adas Yereim, Inc.*, 205 AD2d 512, 513 [1994]; *Rubino v City of New York*, 145 AD2d 285, 288 [1989]; *see also Ltown Ltd. Partnership v Sire Plan*, 108 AD2d 435, 438 [1985]; *cf. Colbert v International Sec. Bur.*, 79 AD2d 448 [1981]).

Further, the supplemental summons and amended complaint did not add Darek Cake, Inc., as a new party. Rather, that defendant was one of the original parties, sued under the misnomer "Darek Cake Company." The amendment of a caption to correct the name of an entity which is already a party to the action is governed by CPLR 305 (c), which provides that the court may permit such an amendment "[a]t any time, in its discretion and upon such terms as it deems just, . . . if a substantial right of a party against whom the summons issued is not prejudiced" (CPLR 305 [c]; *see West v City of New York*, 143 AD3d 810 [2016]; *Simpson v Kenston Warehousing Corp.*, 154 AD2d 526, 527 [1989]). The amendment may be made nunc

pro tunc (see *Smith v Garo Enters., Inc.*, 60 AD3d 751 [2009]). Here, the so-ordered stipulation, signed and filed in January 2014, was sufficient to correct the caption, and there is no evidence of prejudice.

However, Marzena Lojek was not an original party to the action, nor is there any evidence that she waived the issue of personal jurisdiction. Therefore, the Supreme Court should have granted that branch of the motion which was to dismiss the amended complaint insofar as asserted against her as barred by the statute of limitations. Dillon, J.P., Roman, Hinds-Radix and Barros, JJ., concur.