Lee Dodge, Inc. v Sovereign Bank, N.A. (2019 NY Slip Op 03581)





Lee Dodge, Inc. v Sovereign Bank, N.A.


2019 NY Slip Op 03581


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-00449
 (Index No. 509747/14)

[*1]Lee Dodge, Inc., etc., et al., appellants, 
v
Sovereign Bank, N.A., etc., et al., respondents, et al., defendant.


Archer & Greiner, New York, NY (Seth L. Dobbs of counsel), for appellants.
Schenck, Price, Smith & King, LLP, New York, NY (John P. Campell and James A. Kassis of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiffs appeal from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated November 8, 2017. The order, insofar as appealed from, granted the motion of the defendants Sovereign Bank, N.A., Santander Holdings USA, Inc., Steven Reilly, and Kevin Webber to strike the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 22, 2014, the plaintiffs commenced this action alleging, inter alia, fraud in connection with audits performed by the defendants Sovereign Bank, N.A., Santander Holdings USA, Inc., Steven Reilly, and Kevin Webber (hereinafter collectively the bank defendants). The bank defendants moved pursuant to CPLR 3016 and 3211(a) to dismiss the complaint insofar as asserted against them. By order dated March 19, 2015, the Supreme Court denied the motion. The bank defendants appealed and, by decision and order dated March 22, 2017, this Court reversed the order dated March 19, 2015, and granted the bank defendants' motion to dismiss the complaint insofar as asserted against them. On September 22, 2017, the plaintiffs filed an amended complaint, and the bank defendants moved to strike the amended complaint insofar as asserted against them based on the plaintiffs' failure to comply with CPLR 3025 by not first obtaining leave of the court or a stipulation of the parties. In an order dated November 8, 2017, the Supreme Court, inter alia, granted the motion. The plaintiffs appeal.
We agree with the Supreme Court's determination granting the bank defendants' motion to strike the amended complaint insofar as asserted against them based on the plaintiffs' failure to comply with CPLR 3025. The record indicates that the plaintiffs served their amended complaint well beyond the period within which an amended pleading may be served as of right (see CPLR 3025[a]) without first obtaining leave of the court or a stipulation of the parties (see Sackett v Estate of Konigsberg, 74 AD3d 777, 778; Nikolic v Federation Empl. & Guidance Serv., Inc., 18 AD3d 522, 524).
CHAMBERS, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court