Hulse v Wirth (2019 NY Slip Op 06483)





Hulse v Wirth


2019 NY Slip Op 06483


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-04115
 (Index No. 602916/17)

[*1]Linda Hulse, et al., appellants,
v
Cheri Wirth, etc., et al., respondents, et al., defendants.


Donald Leo & Associates, P.C., Islandia, NY (Donald W. Leo, Jr., and John F. Clennan of counsel), for appellants.
Charles F. Harms, Jr., Garden City, NY (Michael Leyden of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated March 8, 2018. The order granted the motion of the defendants Cheri Wirth and Steven Wirth pursuant to CPLR 3211(a)(8) to dismiss the original complaint insofar as asserted against them for lack of personal jurisdiction, and granted the separate motion of the defendants Cheri Wirth, S C Net Wirth, Inc., Steven Wirth, and Digger's Ales N' Eats to dismiss the amended complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendants Cheri Wirth and Steven Wirth pursuant to CPLR 3211(a)(8) to dismiss the original complaint insofar as asserted against them for lack of personal jurisdiction, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.
On February 15, 2017, the plaintiffs commenced this action against, among others, the defendants Cheri Wirth, Steven Wirth (hereinafter together the Wirths), and Digger's Ales N' Eats to recover damages for personal injuries allegedly sustained when, on March 2, 2014, the plaintiff Linda Hulse slipped and fell at a tavern purportedly owned by the Wirths. The Wirths answered the complaint on March 28, 2017. By notice of motion dated May 19, 2017, the Wirths moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, arguing, among other things, that they never received the mailed copies of the summons and complaint. On June 13, 2017, the plaintiffs filed an amended complaint, adding S C Net Wirth, Inc., and other purported entities as defendants. The Wirths, S C Net Wirth, Inc., and Digger's Ales N' Eats moved to dismiss the amended complaint insofar as asserted against them on the ground, among others, that the plaintiffs failed to obtain leave of court before filing the amended complaint, and, therefore, the amended complaint is a nullity.
In an order dated March 8, 2018, the Supreme Court granted the motion to dismiss the original complaint and the motion to dismiss the amended complaint. The court determined that service upon the Wirths of the original complaint was jurisdictionally defective because the [*2]affidavits of the plaintiffs' process server did not contain recitations that the mailed copies of the summons and complaint were in an envelope marked "personal and confidential" and that the envelopes had no indication that the communication was from an attorney or concerned litigation (see CPLR 308[2]). The court also determined that the plaintiffs' failure to obtain leave of court prior to filing the amended complaint rendered the amended complaint jurisdictionally defective and a nullity. The plaintiffs appeal.
"CPLR 308(2) permits personal service on a natural person by delivering the summons within the state to a person of suitable age and discretion at the actual place of business' of the person to be served and, within 20 days thereafter, mailing a copy of the summons to the actual place of business in a specified manner" (Samuel v Brooklyn Hosp. Ctr., 88 AD3d 979, 980, quoting CPLR 308[2]; see Rosario v NES Med. Servs. of N.Y., P.C., 105 AD3d 831, 833). "Jurisdiction is not acquired pursuant to CPLR 308(2) unless both the delivery and mailing requirements have been strictly complied with" (Gray-Joseph v Shuhai Liu, 90 AD3d 988, 989; see Josephs v AACT Fast Collections Servs., Inc., 155 AD3d 1010, 1012; Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174).
"Ordinarily, the affidavit of a process server constitutes a prima facie showing of proper service" (FV-1, Inc. v Reid, 138 AD3d 922, 923; see Scarano v Scarano, 63 AD3d 716, 716). "However, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit, and necessitates an evidentiary hearing" (Deutsche Bank Natl. Trust Co. v DaCosta, 97 AD3d 630, 631).
Here, the process server's affidavits of service constituted prima facie evidence of proper service upon the Wirths pursuant to CPLR 308(2). The process server averred, in effect, that on February 25, 2017, he delivered the summons and complaint upon the Wirths at their actual place of business, i.e. the tavern, by delivering copies of the summons and complaint to the tavern's manager, a person of suitable age and discretion, and that, thereafter, he mailed those documents to the tavern by depositing them "in a post office official depository under the exclusive care and custody of the United States Postal Service within New York State."
In their affidavits in support of their motion to dismiss the original complaint, the Wirths admit that a bartender at the tavern was handed copies of the summons and complaint. They do not deny that the tavern was their actual place of business, or that the bartender was a person of suitable age and discretion. They only deny receipt of the summons and complaint in the mail. The Wirths' conclusory assertions that they did not receive the mailed papers is insufficient to overcome the inference of proper mailing that arose from the process server's affidavits (see Nationstar Mtge., LLC v Kamil, 155 AD3d 966, 967; Colon v Beekman Downtown Hosp., 111 AD2d 841, 841).
Given that the Wirths argued that they did not receive the summons and complaint in the mail, the Supreme Court should not have determined, sua sponte, that jurisdiction was not acquired over the Wirths because the process server did not attest that the mailed copies of the summons and complaint were contained in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof that the communication is from an attorney or concerns an action against the person to be served (see CPLR 308[2]; Dean v Sorid, 56 AD3d 417; Olsen v Haddad, 187 AD2d 375, 375; Pesner v Fried, 166 AD2d 512; Broomes-Simon v Klebanow, 160 AD2d 973). Courts are "not in the business of blindsiding litigants," who expect the courts to decide issues on rationales advanced by the parties, not arguments that were never made (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 202 [internal quotation marks omitted]; see Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 54). By raising the CPLR 308(2) envelope requirement on its own, the court deprived the plaintiffs of the opportunity to show compliance with that requirement.
Moreover, given that the Wirths claimed to have not received the mailing, there is nothing in the record establishing that the envelope did not strictly comply with CPLR 308(2). If, in fact, the envelope did comply with CPLR 308(2), then the process server's failure to attest to such compliance is a mere irregularity (see Navarro v Singh, 110 AD3d 497; Morrissey v Sostar, S.A., 63 [*3]AD2d 944; see also Mendez v Kyung Yoo, 23 AD3d 354). " The crucial question is whether or not [the] defendant was in fact [properly] served with process'" (Mendez v Kyung Yoo, 23 AD3d at 355, quoting Mrwik v Mrwik, 49 AD2d 750, 751).
Accordingly, the Supreme Court should have denied the Wirths' motion pursuant to CPLR 3211(a)(8) to dismiss the original complaint insofar as asserted against them for lack of personal jurisdiction.
CPLR 1003 provides, in pertinent part, that "[p]arties may be added at any stage of the action by leave of court or by stipulation of all parties who have appeared, or once without leave of court within twenty days after service of the original summons or at anytime before the period for responding to that summons expires or within twenty days after service of a pleading responding to it." CPLR 3025(a) provides that a "party may amend his [or her] pleading once without leave of court within twenty days after its service, or at any time before the period for responding to it expires, or within twenty days after service of a pleading responding to it." A plaintiff's failure to seek leave pursuant to CPLR 1003 to add a new defendant is a jurisdictional defect, and an amended complaint that is not filed in accordance with CPLR 1003 and 3025 is a legal nullity (see Perez v Paramount Communications, 92 NY2d 749, 753; Jaramillo v Asconcio, 151 AD3d 947, 949; Gerschel v Christensen, 128 AD3d 455, 456-457; Nikolic v Federation Empl. & Guidance Serv., Inc., 18 AD3d 522, 524; Public Adm'r. of Kings County v McBride, 15 AD3d 558, 559; Ospina v Vimm Corp., 203 AD2d 440, 441; Dauernheim v Lendlease Cars, 202 AD2d 624, 625).
Here, the Wirths served their answer to the original complaint on March 28, 2017, and the plaintiffs failed to timely amend the complaint within 20 days after such service (see Khedouri v Equinox, 73 AD3d 532, 533; Nikolic v Federation Empl. & Guidance Serv., Inc., 18 AD3d at 524). Since the plaintiffs filed the amended complaint outside the time periods specified in CPLR 1003 and 3025(a), and before obtaining leave of court or a stipulation of the parties who had appeared in the action, the amended complaint is a nullity (see Jaramillo v Asconcio, 151 AD3d at 949; Nikolic v Federation Empl. & Guidance Serv., Inc., 18 AD3d at 524).
Accordingly, we agree with the Supreme Court's determination to grant the motion of the Wirths, S C Net Wirth, Inc., and Digger's Ales N' Eats to dismiss the amended complaint insofar as asserted against them.
LEVENTHAL, J.P., LASALLE, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court