Thomas v Triboro Maintenance Corp. (2024 NY Slip Op 00287)

Thomas v Triboro Maintenance Corp.

2024 NY Slip Op 00287

Decided on January 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024

Before: Oing, J.P., Gesmer, Scarpulla, Rodriguez, Michael, JJ. 

Index No. 31033/17 Appeal No. 1499 Case No. 2022-04807 

[*1]Millicent Thomas et al., Plaintiffs-Respondents,
v
Triboro Maintenance Corporation, Defendant-Respondent, Church of St. John—Visitation Parish, Defendant-Appellant.

Hardin, Kundla, McKeon & Poletto, P.A., New York (Ari Reiser of counsel), for appellant.
Rubenstein & Rynecki, Brooklyn (Harper A. Smith of counsel), for Millicent Thomas and Daniel Thomas, respondents.
Montfort, Healy, McGuire & Salley, LLP, Garden City (James M. Murphy of counsel), for Triboro Mainenance Corp., respondent.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered September 13, 2022, which denied Church of St. John—Visitation Parish's (St. John) motion for summary judgment dismissing the complaint and all cross-claims as against it, unanimously affirmed, without costs.
The motion court began its decision by discussing whether the lateness of plaintiff's service of the supplemental summons and amended complaint, which added St. John as a party, rendered the service a nullity, and resulted in the court not having jurisdiction over St. John. However, neither party raised this issue either in the motion court or before us. A party may waive a defense of personal jurisdiction (Jaramillo v Asconcio, 151 AD3d 947, 949 [2d Dept 2017]). Here, we find that St. John did so, because it appeared in the action, engaged in discovery, and makes no claim that the court lacks personal jurisdiction (id.). The court did not issue any relief based on these issues, and, instead, denied St. John's motion for summary judgment, thus implicitly treating it as a party. Accordingly, we treat this discussion as dicta and turn to St. John's motion.
Supreme Court properly denied St. John's motion for summary judgment on the merits. "A landowner must act as a reasonable [person] in maintaining the property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others" (Peralta v Henriquez, 100 NY2d 139, 144 [2003]; see also Hayes v Riverbend Hous. Co., Inc., 40 AD3d 500, 501 [1st Dept], lv denied 9 NY3d 809 [2007]). A landowner also has a duty to maintain any fire escape on the premises in a safe condition (see Nunez v 38 Sickles St. Corp., 269 AD2d 127, 128 [1st Dept 2000]). Moreover, an out-of-possession landowner may be held liable for a defective condition on the leased premises where it "(1) is contractually obligated to make repairs or maintain the premises, or (2) has a contractual right to reenter, inspect and make needed repairs and liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision" (Ledesma v AMA Grocery, Corp., 145 AD3d 477, 477 [1st Dept 2016]; see Vargas v Weishaus, 199 AD3d 620, 623 [1st Dept 2021]).
Here, the lease did not impose a duty for all repairs upon the tenant. Although the lease did not specifically mention the fire escape, it stated that the tenant was responsible for all repairs to the premises, except repairs to the roof, exterior walls, and foundation, which were the obligation of the landlord. As the fire escape was indisputably a fixture permanently attached to the building's exterior wall, St. John failed to establish that the lease did not impose a contractual duty on the landlord to maintain the fire escape (see Matias v New Yorker Hotel Mgt. Co., Inc., 201 AD3d 592, 593 [1st Dept 2022]). Accordingly, responsibility for the structural repair of the fire escape raises a question of fact precluding summary judgment [*2](see Abreu v Nokit Realty Corp., 288 AD2d 26, 26 [1st Dept 2001]).
Furthermore, St. John confirmed that the landlord was responsible for maintaining the building's exterior, but proffered no evidence as to when it was last inspected prior to the incident. Accordingly, whether the landlord had constructive notice of the fire escape's defective condition also presents a question of fact (see Hernandez v 34 Downing Owners Corp., 148 AD3d 554, 555 [1st Dept 2017]; see also Showverer v Allerton Assoc., 306 AD2d 144, 144 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2024