| |
|---|
| **TAM Med. Supply, Corp. v Century Surety Co.** |
| 2024 NY Slip Op 31703(U) |
| May 15, 2024 |
| Civil Court of the City of New York, Kings County |
| Docket Number: Index No. 719542/16 |
| Judge: Delsia G. Marshall |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS          PART___41___

_____

TAM MEDICAL SUPPLY, CORP.                          Index No. 719542/16
A/A/O REYES, CAROLINA

                        Plaintiff(s),          Motion Cal. # <u>10+11</u> Motion Seq. # 2+4

                                    **DECISION AND ORDER**

                                    Recitation, as required by CPLR §2219(a) of the
                                    papers considered in review of this Motion:

                        -against-          **Papers**

                                    Notice of Motion and Affidavits Annexed.   1

CENTURY SURETY COMPANY          Plaintiff's cross-motion…………….………1
                                    Defendant's opposition………………..……. 1
                                    Plaintiff's Reply…………………………….….

                        Defendant(s).

_____

       Upon the foregoing cited papers, and after oral argument, the Decision/Order on Defendant's motion to dismiss and Plaintiff's cross-motion for summary judgment is as follows:

       Plaintiff's cross- motion is granted to the extent that Plaintiff establishes their prima facie case by the timely and proper submission of the bills to defendant and that the bills have not been properly paid or denied within 30 days as required by the no-fault regulations.

       Defendant's motion is denied. Defendant's answer to the amended Complaint dated June 4, 2021, is deemed served, nunc pro tunc, and accepted by the Plaintiff.

       Defendant's argument regarding lack of service of the amended complaint argument is rejected because service of the amended complaint was effectuated during the pendency of the Defendant's motion to dismiss. *see Deutsche Bank Trust Co. Ams. v. Marous, 186 A.D.3d 669 (2d Dept., 2020); Rosenberg v. Trazzera, 147 A.D.3d 1099 (2d Dept., 2017); Bank of Am., N.A. v. Valentino, 127 A.D.3d 904 (2d Dept., 2015*) (holding that *re-service* on the defendant of the summons and verified complaint during the pendency of the defendant's motion to dismiss obviated the defendant's jurisdictional objection to the action against him, and constituted prima facie evidence of proper service).

       The plaintiff re-served the Amended Complaint, by proper service, on September 21, 2020 (see Affidavit of Service, attached to Plaintiff's papers, NYSCEF *Doc. No. 7, Exhibit 6.* According to the affidavit of service, service of the amended complaint was effectuated by service upon the defendant, by service upon a registered agent of Century Surety Company in Columbus, Ohio, *NYSCEF Doc. No. 7, Exhibit 6.*

[* 1]

This case is distinguishable from cases where an amended complaint was served, without leave of court. *see Nikolic v. Federation Empl. & Guidance Serv., Inc., 18 A.D.3d 522, 524, 795 N.Y.S.2d 303 (2d Dept 2005); Yadegar v. International Food Mkt., 306 A.D.2d 526, 761 N.Y.S.2d 846 (2d Dept. 2003).*

Alternatively, pursuant to *CPLR 305(c)* to the Court exercises its discretion to deem the amended complaint, served September 21, 2020, timely served Nunc Pro Tunc. The Appellate Division, Second Department reversed the trial court's decision dismissing the Complaint for untimely service of the Amended Complaint. Brewster v North Shore/LIJ Huntington Hospital, *221 A.D. 3d 648 (2023).* The plaintiff here, obtained a prior Civil Court Order dated December 17, 2023, granting leave to amend the Complaint dated December 17, 2023*, NYSCEF Doc. No. 7,* Exhibit 2. The first attempted service was incomplete due to the lack of an acknowledgement of service from the defendant Century Surety Company. According to the affidavit of service, service of the amended complaint was effectuated by service upon a registered agent of Century Surety Company in Columbus, Ohio, *NYSCEF Doc. No. 7, Exhibit 6.*

Furthermore, under the facts, here, denial of the motion to dismiss is consistent with the public policy interest in having the cases decided on the merits. *See generally*, *Harcztark v Drive Variety, Inc. 21 A.D. 3d 876 (2d Dept. 2005).; Baptist Health Nursing & Rehabilitation Ctr., Inc. v. Baxter, 140 A.D.3d 1386 (2d Dept. 2016*).

This constitutes the decision and order of the Court.

Date: May 15, 2024　　　　　　　　　
Brooklyn, New York　　　　　　　　　　Hon. Delsia G. Marshall
　　　　　　　　　　　　　　　　　　　　　Kings Civil Court

ENTERED
Kings Civil Court
5/17/2024, 10:08:56 AM

[* 2]