J. B. v City of New York (2024 NY Slip Op 04755)

J. B. v City of New York

2024 NY Slip Op 04755

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-09967
 (Index No. 509501/19)

[*1]J. B., etc., et al., appellants, 
v
City of New York, et al., defendants, New York City Housing Authority, respondent.

Umoh Law Firm, PLLC, New York, NY (Uwem Umoh of counsel), for appellants.
Herzfeld & Rubin, P.C., New York, NY (Miriam Skolnick of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries and retaliation in violation of the New York City Human Rights Law, the plaintiffs appeal from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated September 16, 2022. The order, insofar as appealed from, (1) granted those branches of the motion of the defendant New York City Housing Authority which were pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging negligence in the original complaint insofar as asserted against it by the plaintiff J. B. and to dismiss the cause of action alleging retaliation in violation of the New York City Human Rights Law in the original complaint insofar as asserted against it, (2) denied that branch of the plaintiffs' cross-motion which was pursuant to General Municipal Law § 50-e(5) to deem a late notice of claim insofar as asserted on behalf of the plaintiff J. B. timely served nunc pro tunc, (3) granted the motion of the defendant New York City Housing Authority to dismiss the amended complaint insofar as asserted against it, and (4) denied the plaintiffs' cross-motion pursuant to CPLR 3025(b) for leave to file the amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In April 2019, the infant plaintiff, by his mother and natural guardian, and his mother individually, commenced this action against, among others, the defendant New York City Housing Authority (hereinafter NYCHA). The plaintiffs alleged, inter alia, that the infant plaintiff sustained personal injuries due to exposure to mold in the plaintiffs' apartment in a building owned by NYCHA, and that a NYCHA representative threatened to retaliate against the plaintiffs if they were to complain about the mold condition. The complaint asserted causes of action alleging negligence and retaliation in violation of the New York City Human Rights Law (hereinafter NYCHRL) (see Administrative Code of City of NY § 8-107). Issue was joined by service of NYCHA's answer dated June 5, 2019.
In October 2020, NYCHA moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it. In support of the motion, NYCHA argued that the cause of action alleging negligence insofar as asserted against it should be dismissed for failure to serve a timely notice of claim pursuant to General Municipal Law § 50-e(1)(a). NYCHA further argued [*2]that the cause of action alleging retaliation in violation of the NYCHRL insofar as asserted against it should be dismissed for failure to state a cause of action. In January 2021, the plaintiffs cross-moved, among other things, pursuant to General Municipal Law § 50-e(5) to deem the late notice of claim timely served nunc pro tunc. In addition, the plaintiffs filed an amended complaint. NYCHA moved to dismiss the amended complaint insofar as asserted against it, contending that it was a nullity since it was untimely filed without leave of court or upon consent of the parties. The plaintiffs cross-moved pursuant to CPLR 3025(b) for leave to file the amended complaint.
In an order dated September 16, 2022, the Supreme Court, among other things, granted those branches of NYCHA's motion which were pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging negligence in the original complaint insofar as asserted against it by the infant plaintiff and the cause of action alleging retaliation in violation of the NYCHRL in the original complaint insofar as asserted against it. The court also granted NYCHA's motion to dismiss the amended complaint insofar as asserted against it. The court denied that branch of the plaintiffs' cross-motion which was to deem the late notice of claim insofar as asserted on behalf of the infant plaintiff timely served nunc pro tunc and the plaintiffs' cross-motion for leave to file the amended complaint. The plaintiffs appeal.
"Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to commencing an action against NYCHA" (Matter of Roman v New York City Hous. Auth., 212 AD3d 816, 817; see General Municipal Law § 50-e[1][a]; Public Housing Law § 157[2]). "Pursuant to General Municipal Law § 50-e(5), upon application, the Supreme Court, in its discretion, may extend the time to serve a notice of claim upon a public corporation as required by General Municipal Law § 50-e(1)" (Matter of Roman v New York City Hous. Auth., 212 AD3d at 817).
In determining whether to grant leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, (2) the injured child was an infant at the time the claim arose and, if so, whether there was a nexus between the infancy and the failure to serve a timely notice of claim, (3) the plaintiff demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (4) the public corporation was substantially prejudiced by the delay in its ability to maintain a defense on the merits (see General Municipal Law § 50-e[5]; I.N. v City of Yonkers, 203 AD3d 721, 722-723). "Neither the presence nor absence of any one factor is determinative, although it is generally recognized that the question of whether the [public corporation] timely acquired actual knowledge is of great importance" (I.N. v City of Yonkers, 203 AD3d at 723; see Matter of Jaime v City of New York, 41 NY3d 531, 540).
Contrary to the plaintiffs' contention, the evidence submitted by the parties failed to establish that NYCHA acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter. "In order to have actual knowledge of the essential facts constituting the claim, the public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim; the public corporation need not have specific notice of the theory or theories themselves" (Matter of Lang v County of Nassau, 210 AD3d 773, 774 [internal quotation marks omitted]). Here, the evidence in the record did not demonstrate that NYCHA acquired timely, actual knowledge of the essential facts constituting the claim that the infant plaintiff sustained personal injuries as a result of NYCHA's negligence (see Matter of Grandberry v City of New York, 206 AD3d 654, 655; Etienne v City of New York, 189 AD3d 1400, 1401).
Moreover, the plaintiffs failed to provide a reasonable excuse for their failure to serve a timely notice of claim (see Lobos v City of New York, 219 AD3d 720, 722). The plaintiffs' conclusory assertion that the delay was caused by the infant plaintiff's infancy was insufficient to constitute a reasonable excuse without a showing of any nexus between the infancy and the delay (see I.N. v City of Yonkers, 203 AD3d at 724; E.R. v Windham, 181 AD3d 736, 739).
The plaintiffs also failed to sustain their initial burden of presenting some evidence or plausible argument that granting leave to deem a late notice of claim timely served nunc pro tunc would not substantially prejudice NYCHA in maintaining a defense on the merits (see Matter of Jaime v City of New York, 41 NY3d at 543-544; Matter of Roman v New York City Hous. Auth., 212 AD3d at 819).
Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' cross-motion which was to deem the late notice of claim insofar as asserted on behalf of the infant plaintiff timely served nunc pro tunc. Further, the court properly granted that branch of NYCHA's motion which was to dismiss the cause of action alleging negligence in the original complaint insofar as asserted against it by the infant plaintiff for failure to serve a timely notice of claim (see St. Hilaire v New York City Hous. Auth., 216 AD3d 695, 696; Roman v New York City Hous. Auth., 212 AD3d 856, 857).
On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; Acala v Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., 222 AD3d 706, 707 [internal quotation marks omitted]). "The NYCHRL prohibits retaliation or discrimination against individuals who have exercised their rights under the NYCHRL" (Brightman v Prison Health Serv., Inc., 108 AD3d 739, 739). Here, accepting the facts alleged in the complaint as true, and according the plaintiffs the benefit of every possible favorable inference, the complaint failed to allege that NYCHA retaliated against the plaintiffs because they opposed a practice forbidden under the NYCHRL or requested a reasonable accommodation under the NYCHRL (see Administrative Code § 8-107[7]).
CPLR 3025(a) provides that "[a] party may amend his [or her] pleading once without leave of court within twenty days after its service, or at any time before the period for responding to it expires, or within twenty days after service of a pleading responding to it." Here, NYCHA served its answer on June 5, 2019, and the plaintiffs failed to timely amend the complaint within 20 days after such service (see Hulse v Wirth, 175 AD3d 1276, 1279). Once the 20-day period expired, the plaintiffs were required to seek leave of court or obtain the stipulation of the parties in order to serve an amended complaint (see CPLR 3025[b]; Nikolic v Federation Empl. & Guidance Serv., Inc., 18 AD3d 522, 524). Since the plaintiffs filed the amended complaint outside of the time period specified in CPLR 3025(a), and before obtaining leave of court or a stipulation of the parties who had appeared in the action, the amended complaint is a nullity (see Hulse v Wirth, 175 AD3d at 1279; Nikolic v Federation Empl. & Guidance Serv., Inc., 18 AD3d at 524).
Accordingly, the Supreme Court properly granted NYCHA's motion to dismiss the amended complaint insofar as asserted against it, and properly denied the plaintiffs' cross-motion pursuant to CPLR 3025(b) for leave to file the amended complaint (see Nikolic v Federation Empl. & Guidance Serv., Inc., 18 AD3d at 524).
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court